JOHN DICKEY, JR. *versus* JAMES LINSCOTT.

20 453
93 578

In a contract for the performance of personal manual labor for a stipulated time, requiring strength and health, it must be understood to be subject to the implied condition, that strength and health remain. An actual inability to perform the labor, arising from sickness, at the commencement of the time, although it may not continue during the whole term contracted for, excuses performance.

EXCEPTIONS from the Eastern District Court, CHANDLER J. presiding.

Assumpsit to recover damages for a breach of a parol contract to labor for the plaintiff.

The plaintiff called a witness, who testified that on Nov. 30, 1838, he was present at a meeting of the parties, when it was agreed between them, that the defendant should come to work for the plaintiff in two weeks from that time, and work for him seven months, which it was calculated would bring it to the next haying time, and that the plaintiff should pay him therefor at the rate of thirteen dollars per month. The defendant did not come at the time fixed upon, or any other time, to work for the plaintiff. There was testimony relative to the amount of damages. The defendant then introduced testimony tending to show, that no contract was completed, but only talked of, and that at the time when he was to commence work for the plaintiff, and from that time until the first of the then next April, he was sick and unable to work. Upon this point there was much contradictory testimony, and the question whether he was sick and unable to work, or not, was submitted to the jury, the defendant contending that by such sickness and inability, he was discharged from the contract, if the jury should be satisfied any had been made, by the act of God. There

was evidence tending to prove, that about Dec. 10, the defendant set out to go to work for the plaintiff, but did not go, because he was informed that the plaintiff had hired another man, and told the persons to say to the plaintiff, that if he would come or send to Palermo, the place of defendant's residence, a distance of eighteen miles, the defendant would go and work with him, if he had not hired another man; and that the plaintiff did go for that purpose. There was also testimony tending to show, that the defendant was unable to work at this time, and offered to procure another man, if the plaintiff would secure the payment, and that the plaintiff refused to give security. There was testimony, that the defendant was able to labor as early as the first of May, and did actually work at high wages in the month of June.

The counsel for the plaintiff contended, that if the jury should be satisfied, that the defendant was prevented by the act of God from laboring as he had agreed, still the plaintiff was entitled to recover some damages, if they believed that the defendant sent to the plaintiff the message to come after him, and that the message was delivered, and that the plaintiff did thereupon go for the defendant, although the defendant was at the time unable to work; and also, that it was the duty of the defendant, as soon as he regained his health so as to be able to work, if it was within the seven months, to tender his services to the plaintiff, and that by neglecting so to do, his sickness during a portion of the time did not constitute a bar to the action; and that it was his duty to have given notice to the plaintiff of his inability to commence work at the time agreed upon.

The Judge declined to give this precise instruction, but did instruct the jury, that if they were satisfied that the contract alleged was made by the defendant and completed by him, the plaintiff would be entitled to recover of him such damages as from the evidence they should be satisfied, he had sustained from the violation, unless he was excused from its performance by the act of God; and that so far as they should be satisfied that the defendant had been disabled from performing the con-

tract, if made, by sickness, to that extent he would by law be excused from performance.

The verdict was for the defendant, and the plaintiff filed exceptions.

*W. G. Crosby*, for the plaintiff, complained of the instruction given in the District Court for two reasons.

1. It was no answer, and had no application to the point raised.

2. The instruction given was erroneous in law.

He cited 3 Burr. 1637; 3 M. & Selw. 267; 6 D. & E. 750; 3 East, 233; 3 Dane, 601, § 4; 8 D. & E. 259; Chitty on Con. 273; *Train* v. *Gold*, 5 Pick. 384.

*W. Kelly*, for the defendant, said that the Judge did right in refusing to give the instruction requested. A contract to work seven months is an entire contract, and to be performed fully, or in no part. *Stark* v. *Parker*, 2 Pick. 267.

The instruction given was too favorable for the plaintiff. He was allowed by it to recover for any damages sustained by the omission of the defendant to work during any part of the seven months, if not prevented by the act of God. But if the defendant was unable through *sickness* to *work at the time* he was to commence his labor, he was excused from the performance of any part of it.

The opinion of the Court was by

Weston C. J. — It is contended, that the sickness of the defendant, which was the act of God, and his consequent inability to fulfil his contract, does not defeat the right of the plaintiff, to recover damages for the breach. Cases have been cited where, upon express covenants, the performance of which had become impossible, without any fault in the covenanters, they were nevertheless held answerable in damages. These were doubtless all justified, under their peculiar circumstances. But in a contract for the performance of personal manual labor, requiring health and strength, we think it must be understood to be subject to the implied condition, that health and

strength remain. If by the act of God, one half or three fourths of the strength of the contracting party is taken away, performance to the extent of his remaining ability, would be hardly thought to entitle him to the compensation for which he may have stipulated, while an able bodied man; There may be cases where the hazard of health is assumed by the employer. This might be regulated by known and settled usage. Generally, however, the right to wages depends upon the actual performance of labor. On the other hand it is not expected, that the laboring party should be subjected to any other loss, where his inability arises from the visitation of Providence.

The Judge instructed the jury, that this would excuse performance; and it does not appear, that the counsel for the plaintiff contended at the trial for any other doctrine. He insisted, however, that he was entitled to damage, for his fruitless journey to Palermo, on the invitation of the defendant. It is a sufficient answer to this claim, if otherwise available, that it is not sued for in this action. It seems from the evidence, that the defendant might have labored a month or two the latter part of the stipulated period. But the contract was entire, beginning at a time when the days are shortest, and covering principally the season when the earth cannot be cultivated. The wages were to be at a certain monthly rate. The contract failing without the fault of the defendant, it would be neither just nor equitable, to hold him obliged to labor for the plaintiff, at the monthly wages stipulated, when the days were longest, and labor in husbandry most valuable. The plaintiff was not obliged to accept such a partial performance. He had a right to secure the services of another man, and might have had as many laborers as it was for his interest to employ. And in our judgment, the court below was justified in withholding the instructions requested.

*Exceptions overruled.*