Comstock v. Fraternal Accident Asso. 116 Wis. 382.

Comstock, Appellant, vs. Fraternal Accident Associa-
tion of America, Respondent.
Same, Respondent, vs. Same, Appellant.

*December 20, 1902—January 13, 1903.*

*Accident insurance: Notice of loss, when required? Classification of
occupations: Hazards: Appeal and error: Motion for correction
of verdict: Reversal.*

1. The stipulation in a policy of accident insurance provided that
the insured should give notice to the insurer within ten days
of the accident with full particulars, or all claim to indemnity
or benefit thereunder should be forfeited. *Held*, that notwith-
standing the mandatory language of such a policy requiring
such notice as a condition precedent to the right to recover, it
should be read with an exception saving the rights of the as-
sured from forfeiture for a failure to comply therewith, where
he is totally incapacitated from acting in the matter. Such
rule, however, would not apply where there is unequivocal lan-
guage in the policy inconsistent therewith.

2. An accident insurance policy provided that if the assured was
injured while engaged in any "occupation or exposure" more
hazardous than that against which he was insured, his insur-
ance should be such as the premium paid would purchase at the
rates fixed for such increased hazard. "Occupations" were
classified but exposures were not. Explanation was made that
merely riding a bicycle for pleasure was not an "occupation,"
and that a person insured as in occupation a proprietor of a
manufacturing industry did not change his status by inci-
dentally riding a bicycle for recreation, or in going to or from
his place of business. The policy of insurance in question
specified plaintiff's occupation as proprietor of a chair factory
and office duty. *Held*, that it was error to treat the act of
plaintiff in incidentally riding a bicycle for pleasure as placing
him in a different class, as to hazard, from that named in the
policy.

3. Where error is committed and no motion is made to correct the
verdict in that respect and for judgment thereon as corrected,
the supreme court on reversal will remand for a new trial.

Appeals from a judgment of the county court of Winne-
bago county: C. D. Cleveland, Judge. *Reversed.*

Action to recover on an accident insurance policy. The complaint stated two causes of action; one for $25 per week for twenty-seven weeks for disability caused by a fall from a bicycle, and one for $25 per week for twenty-three weeks for disability caused by a fall on a sidewalk, where plaintiff was walking by the aid of a crutch, he not having fully recovered from his first injury. The certificate of insurance specified plaintiff's occupation as proprietor of a chair factory, and office duty. It insured him for $25 per week for not exceeding fifty-two weeks, as follows: - For loss of time resulting from bodily injury effected during the life of the certificate "through external, violent and accidental means, which shall independently of all other causes, immediately and wholly disable him from transacting any and every kind of business pertaining to his occupation above stated, . . . except that if the insured is injured while engaged temporarily or otherwise in any occupation or exposure classed by this association as more hazardous than that here given, his insurance and weekly indemnity shall only be so much as the premium paid by him will purchase at the rates fixed for such increased hazard." On the face of the certificate it was conditioned upon acceptance by the assured of "the conditions contained in this certificate as a basis of this contract," payment to be subject to the "conditions in his certificate contained and indorsed on the back hereof." Among such indorsed conditions was this:

"Written notice shall be given the said association at Westfield, Mass., within ten days of the date of the accident, and injury for which claim of indemnity or benefit is made, with full particulars thereof, including a statement of the time, place and cause of the accident, the nature of the injury and the full name and address of the insured and beneficiary, and unless such notice and statement is received as aforesaid, all claim to indemnity or benefit under this certificate shall be forfeited to the association."

The issues presented for consideration in the circuit court were: (1) Was the condition on the back of the certificate a part of the contract of insurance? (2) Was the notice of the first injury given in time? (3) Was the notice of the second injury given in time? (4) If plaintiff was entitled to recover at all on the first cause of action, was he entitled to recover $25 per week? (5) Was the second injury caused by external, violent and accidental means independently of all other causes, immediately and wholly disabling the plaintiff from transacting any and every kind of business pertaining to his occupation stated in the certificate?

At the close of the evidence defendant's counsel moved for the direction of a verdict, which was denied. Plaintiff also moved for the direction of a verdict, for $25 per week for twenty-seven weeks, which was also denied. The court then directed verdict in plaintiff's favor for $10 per week for twenty-seven weeks, with interest. Judgment was rendered accordingly. Both sides appealed, plaintiff claiming that he was entitled to recover $675, being $25 per week for twenty-seven weeks, with interest; and defendant that upon the undisputed facts of the case notice of the accident was not sent to it in time, and that therefore all claims under the certificate were forfeited.

*F. W. Houghton,* of counsel, for the plaintiff.

For the defendant the cause was submitted on the brief of *Phillips & Hicks.*

Marshall, J. If the plaintiff, because he was made unconscious by the accident depriving him of ability to comply with the condition of his policy as to giving notice to defendant within ten days of the date of such accident, was not required to do so under the terms of the insurance contract, but permitted to give such notice as soon as ability in that regard was restored, the motion for the direction of a verdict in favor

Comstock v. Fraternal Accident Asso. 116 Wis. 382.

of defendant was properly denied, and plaintiff was entitled to recover at least the sum for which judgment was rendered.

It may safely be admitted that there is some conflict of authority as to whether, under any circumstances in a case like this, liability can survive failure to comply with the requirement as to notice. The overwhelming weight of authority, we may safely say, however, is in favor of plaintiff's position. The reasoning of courts supporting conclusions in that regard are far from being harmonious or satisfactory. However, when the contract in question was made, the law was deemed so well settled that, notwithstanding the mandatory language of a policy requiring some act to be done as a condition precedent to the right to recover for a loss, it should be read with an exception saving the rights of the assured from forfeiture for a failure to comply therewith where he is totally incapacitated from acting in the matter, that we hold the parties here entered into the contract in contemplation thereof, and that language to that effect became a part of the instrument the same as if it were plainly embodied therein, though it violates the literal sense of the words used, and regardless of whether it can be, by general rules for judicial construction, found within the reasonable scope of such words. We place our decision of this case on the ground indicated, rather than upon the reasoning found, in general, in the opinions of the courts that have passed upon such matters. We do not feel justified in saying, as some courts have, that the contract must necessarily be held to mean something different from the literal sense thereof, merely because otherwise the parties would be convicted of stipulating for an impossibility, or because, otherwise, a great hardship would be inflicted upon the assured, or because forfeitures are not favored by courts and should not occur where any other result can be reached within the reasonable meaning of the contract, or because a contract should not be so construed as to stipulate for

the performance of an act which is impossible, or because an act of God excuses nonperformance of a contractual act. Parties may bind themselves by an agreement to perform an act without guarding against conditions rendering compliance therewith impossible, if they see fit, or bind themselves by harsh provisions in a contract. Again, the rule that an act of God excuses nonperformance of a contract does not apply to contracts of the nature of the one before us. The operation of the latter rule, generally, is limited to obligations arising by operation of law, and to liability of common carriers. It does not extend, universally, to express contracts. 1 Am. & Eng. Ency. of Law (2d ed.) 58, and cases cited. Subject to some exceptions which do not include, generally speaking, impossibility of performance, parties to an express contract must perform according to their agreement, or take the consequences implied by law or agreed upon. *Cook v. McCabe,* 53 Wis. 250, 10 N. W. 507; *Bacon v. Cobb,* 45 Ill. 52; *Dewey v. Union School Dist.* 43 Mich. 480, 5 N. W. 646; *Doster v. Brown,* 25 Ga. 24; *Ames v. Belden,* 17 Barb. 515; *Randall v. Johnson,* 59 Miss. 317; *School Trustees v. Bennett,* 27 N. J. Law, 513. It will not do in a case like this to ground a decision on the doctrine that language will not be so construed as to effect a forfeiture if that can be avoided, without going further and showing that it can be avoided by ascribing some meaning to the words involved which is within the reasonable scope thereof under the circumstances, or by a legitimate application of some rule of law. It will not do to ground a decision on the rule that courts will not decree or permit or enforce a forfeiture if that can be avoided, without satisfying the last element of the proposition by some recognized principle of law. Courts can only enforce lawful contracts according to the contractual intent of the parties thereto so far as the same can be found expressed in their language taken in its literal sense or viewed in the light of established legal principles,

regardless of consequences to either party. In this case, if the failure of the assured to comply with the requirement of his policy as to giving notice to the defendant within ten days after the accident under the circumstances falls within the unqualified stipulation of the policy that for nonperformance of the condition as to notice all claims to indemnity or benefit under the certificate shall be forfeited to the association, and there is no implied exception which by rules of law forms a part of the contract, rendering the forfeiture clause inoperative where performance of the condition is impossible, as was the case here, the consequences, however unfortunate to the assured, will not justify the court in giving him the benefit of a contract and imposing one on the insurer which the parties never made.

A case often referred to, holding that impossibility to perform a condition precedent to recovering upon a policy of insurance by the person required thereby to act in the matter, such impossibility being caused by his incapacity to act through insanity or other cause, excuses such nonperformance, and that an exception to that effect could, as a matter of law, be read out of the policy where there is no express stipulation against it, as one in contemplation of the parties at the time of making the contract, is *Insurance Cos. v. Boykin,* 12 Wall. 433. The court there said, without supporting the position taken by reference to any established rule for construing contracts, that insanity is an excuse for neglect to perform by the assured a condition required by the terms of his policy of insurance. It was suggested that a different rule would be "too repugnant to justice and humanity to merit serious consideration." The court probably did not use that language as a justification for making for the parties a different contract than they themselves entered into, but as a reason for looking beyond the literal sense of words for some other signification that could be adopted without violation of rules of language or of law, and which would avoid a seeming absurdity. The

decision would be more satisfactory had the court stated some established rule to justify its conclusion. Certainly, as before indicated, mere inability to perform a contract on the part of one of the parties thereto does not universally excuse performance (Hammon, Cont. 833); and generally, when one imposes a duty by contract upon himself, impossibility of performance from any cause does not constitute excuse for nonperformance. *The T. B. Harriman,* 9 Wall. 172; *Beebe v. Johnson,* 19 Wend. 500; *Harrison v. Missouri P. R. Co.* 74 Mo. 371; *Stees v. Leonard,* 20 Minn. 494; *School Dist. No. 1 v. Dauchy,* 25 Conn. 530; *Jones v. U. S.* 96 U. S. 29. Like all good rules, there are several exceptions to the one suggested, and some one or more of them the court must have had in mind in rendering the decision in *Insurance Cos. v. Boykin.* One of such exceptions is that an agreement to do a thing clearly impossible upon the face of the contract, and existing at the time of making the same, is void. Hammon, Cont. 415. Another is that impossibility of personal performance of a contract, occurring subsequent to the making thereof, it being clear that no other performance was contemplated by the parties, as a matter of law is not included in the terms. *Dickey v. Linscott,* 20 Me. 453; *Johnson v. Walker,* 155 Mass. 253, 29 N. E. 522; 7 Am. & Eng. Ency. of Law (2d ed.) 147. Such exception, however, does not apply where the circumstances are such that the promisor should have foreseen and provided against inability to perform. *Jennings v. Lyons,* 39 Wis. 553. It would be a reasonable application of such rule to hold that it covers a situation such as is presented by the facts of this case and those in *Insurance Cos. v. Boykin.* The fair interpretation of the requirement as to notice may well be said to be that the parties contemplated notice by the assured, though probably a notice by some one in his behalf, if necessary, would have been sufficient. However, as indicated, it may reasonably be assumed that personal performance was what the parties had in mind. In that view,

*Insurance Cos. v. Boykin* falls within a well-recognized exception to the general rule that impossibility of performance by a contracting party does not excuse nonperformance. The exception, it will be noted by an examination of the authorities, is worked out in some cases upon the theory that without express words to the contrary, notwithstanding the literal sense of the words, an agreement to do the impossible under the circumstances cannot be reasonably said to have been in the minds of the parties at the time of entering into the contract, hence cannot be held to have been included in it; in others on the theory that the positive words of the contract should be read with an exception avoiding the absurdity of an agreement to do that which would be under all circumstances impossible, not because such exception can be found suggested in the words of the contract, but because the contract should be read in the light of established principles of law to that effect, existing at the time the contract was entered into, there being no clear negative thereof in the instrument. The subject might be discussed at great length in the elucidation of the principles involved, and authorities collated in large numbers, but it is not thought profitable to go further than to declare, with fair support for the declaration, that at the time the contract in question was made the language used did not, as a matter of law, include a stipulation requiring compliance with the condition as to notice under the circumstances of this case, and that the adjudications of courts in the matter have support in fundamental principles of the common law.

But without further discussion of the matter, and without adopting in many respects the reasoning found in some of the cases, it is considered that a requirement in a contract of insurance that the insured shall, after suffering loss, perform some act as a condition precedent to the right to recover therefor, does not include cases where performance is prevented without fault of the assured, because of his being incapacitated to act in the matter; that in such cases the assured will

not forfeit his insurance if he performs the stipulated act
within a reasonable time after mental capacity to do so shall
have been restored to him, this of course not to apply where
there is unequivocal language in the contract inconsistent
therewith,—language requiring performance of the stipulated
act at all events; that the holdings of courts, justified by ele-
mentary principles, were so uniformly that way at the time of
the making of the contract in question as to establish a rule
which became a part thereof. The following are but a few of
the cases bearing upon the subject: *Phillips v. Benevolent
Soc.* 120 Mich. 142, 79 N. W. 1; *Globe Acc. Ins. Co. v.
Gerisch,* 163 Ill. 625, 45 N. E. 563; *McFarland v. U. S. Mut.
Acc. Asso.* 124 Mo. 204, 27 S. W. 436; *Odd Fellows F. A.
Asso. v. Earl,* 70 Fed. 16; *Mandell v. Fidelity & C. Co.* 170
Mass. 173, 49 N. E. 110; *Anoka L. Co. v. Fidelity & C. Co.*
63 Minn. 286, 65 N. W. 353; *Matthews v. Am. Cent. Ins.
Co.* 154 N. Y. 449, 48 N. E. 751; *Solomon v. Continental
F. Ins. Co.* 160 N. Y. 595, 55 N. E. 279; *Peele v. Provident
Fund Soc.* 147 Ind. 543, 44 N. E. 661, 46 N. E. 990; *Trippe
v. Provident Fund Soc.* 140 N. Y. 23, 35 N. E. 316; *Towel
v. Insurance Co.* 21 Mich. 219, 226; *McNally v. Phœnix Ins.
Co.* 137 N. Y. 389, 33 N. E. 475.

From what has been said plaintiff must prevail on defend-
ant's appeal, and we have left to consider, upon plaintiff's
appeal, whether the court erred in not directing a verdict in
his favor for $25 instead of $10 per week. That depends on
whether, by reason of the fact that plaintiff was incidentally
riding a bicycle at the time he was injured, this language of
the policy was rendered operative:

"If the insured is injured while engaged temporarily or
otherwise in any occupation or exposure classed by this asso-
ciation as more hazardous than that here given, his insurance
and weekly indemnity shall only be so much as the premium
paid by him will purchase at the rates fixed for such increased
hazard."

In determining that we must look to the contract, not to oral evidence of its meaning. It speaks of a classification of occupations and exposures, but the manual of the association in which the classification is found does not mention mere exposures. It shows only a classification of occupations, in connection with an explanation to the effect that merely riding a bicycle occasionally for pleasure is not an occupation, and that a person insured as in occupation of a proprietor of a manufacturing industry does not change his status by merely incidentally riding a bicycle for recreation or in going to or from his place of business. On the outside front cover of the manual are these words: "Occupations Classified, &c." The headline in the manual, to the classification, is as follows: "Classification of Occupations." The case on this branch of it is ruled by *Fox v. Masons' F. A. Asso.* 96 Wis. 390, 397, 71 N. W. 363. The court erred in treating the act of the assured in incidentally riding a bicycle for pleasure as placing him, for the time being, in a different class as to hazards insured against from the occupation named in the policy. The verdict should have been directed for $25 per week.

No motion having been made to correct the verdict and for judgment thereon, as required under the established practice, the case must go back for a new trial.

*By the Court.*—The judgment is reversed and the cause remanded for a new trial, plaintiff to have costs as prevailing party upon each appeal.