WILLIAM W. GUY v. U. S. CASUALTY COMPANY.

(Filed 15 December, 1909.)

1. **Insurance, Health—Notice of Sickness—Interpretation of Contracts.**

   A policy of health insurance requiring "written notice to be given in ten days by the insured or his attending physician to the company" of the disease by reason of which the indemnity is claimed, by reasonable intendment and construction is to afford the company opportunity to investigate conditions for the purpose of preventing imposition, and means that the notice must be given "within ten days of the beginning of that part of the illness for which the insured claims payment."

2. **Same—Reasonable Notice—When Notice Not Required.**

   The notice to an insurance company of indemnity claimed under a health policy requiring that written notice be given to the company by the insured or his attending physician, is sufficient if given by any relative or friend, etc., acting on behalf of the insured, though their failure to do so when the insured is unable to request it is no bar on the insurance. The rule intimated in *Williams v. Casualty Company,* 150 N. C., 598, cited and approved.

3. **Evidence — Findings by Court — Irreconcilable Findings — Judgments—Appeal and Error—Procedure.**

   When the judge, in the trial court, who by agreement of the parties was to have found the facts, sets out certain evidence which is conflicting and irreconcilable, finds it all to be true and renders judgment thereon, it is reversible error, and the judgment will be set aside.

4. **Same—Insurance—Health Policy—Notice of Sickness.**

   When the defense to an action to recover an indemnity for sickness under a health insurance policy is that notice was not given as required by the policy, and the judge, under an agreement of the parties, in finding the facts sets out evidence tending to show that plaintiff was incapacitated by the sickness to notify the defendant, or cause it to be notified, and evidence *per contra,* the court on appeal will set aside his judgment in favor of defendant on the evidence, and order a new trial.

APPEAL by plaintiff from *Justice, J.,* September Term, 1909, of McDowell.

The facts are stated in the opinion of the Court.

*Pless & Winborne* for plaintiff.
*W. T. Morgan* for defendant.

CLARK, C. J. This is an action upon a health-insurance policy, begun before a justice of the peace, for eight weeks' indemnity, at $10 per week, on account of plaintiff's sickness. The policy requires that "written notice of such disease be given by the insured or his attending physician to the company at its home office within ten days of its contraction."

In some cases, especially in certain diseases, the condition of the patient may be such, by reason of his mental condition or violent physical suffering, that he cannot give the notice. In such cases the rule intimated in *Williams v. Casualty Co.* (this same defendant), 150 N. C., 598, is that, where the patient, on account of his condition, is unable to give notice, he would be excused, if the failure to give notice is without negligence on his part.

Nor do we think that "within ten days of its contraction" can reasonably be construed to mean what the defendant contends that it does. In many, perhaps most cases, diseases are "contracted" months or years before the time when, like an underground river, they come to the surface. And, even then, many more than ten days may pass before the disease compels the sufferer to quit work or otherwise entitle him to claim benefit under a health-insurance policy. We think the fair and just meaning is that the notice must be given "within ten days of the beginning of that part of the illness for which the insured claims payment," so that the company shall not be liable for more than ten days' payment prior to the time when it receives notice; the object of the provision being that it may investigate and prevent imposition. In those very rare cases where the condition of the insured is such that he can neither give notice himself nor ask his physician to do so, failure to give notice is excused. Of course, the notice to the company may not only be given by the physician, but by any relative or friend acting on behalf of the insured, though their failure to do so when the insured is unable to request it is no bar on the insured.

In the present case the plaintiff put in, besides oral testimony, the correspondence between himself and the defendant, and the proofs of loss made by himself, the affidavit of his attending

physician and the statement of his employer. It was agreed that the judge should find the facts; but, instead of doing so, he sets out the testimony and the above affidavit, statement and correspondence, "all of which the court finds to be true, as stated." There is irreconcilable conflict. The attending physician's affidavit is that the plaintiff was *"totally disabled* for thirty days, from 12 February to 12 March, 1908, during which time he could give no *attention whatever* to business, and such disability was immediate and *continuous."* His own affidavit was to the same purport, and this evidence, if true, as the judge found, might have justified the delay in not giving the notice in ten days. On the other hand, there was oral evidence coming from the plaintiff and the defendant's letters, all likewise found to-be true, which would have justified a different conclusion.

The judgment must be set aside. The evidence will be submitted to a jury (unless the parties again agree that the judge may find the facts) and the law applied as herein stated.

New trial.

HOKE, J., concurs in result.