BRENT RHYNE, GUARDIAN OF R. H. RHYNE, v. JEFFERSON STANDARD LIFE INSURANCE COMPANY.

(Filed 13 March, 1929.)

**Insurance — Forfeiture of Policy for Breach of Promissory Warranty, Covenant, or Condition Subsequent — Nonpayment of Premiums — Disability — Notice.**

> A waiver of the premium on a life insurance policy and the payment to the insured of a certain amount of money monthly in case of his permanent and total disability upon due notice and proof to be given the insurer before the time "the next premium on the policy becomes due," will not work a forfeiture for failure to give the notice if the insured is under such disability as to incapacitate him from giving the notice specified, and the failure to give the notice is not attributable to any fault of his.

APPEAL by plaintiff from *Finley, J.,* at June Term, 1928, of BURKE.

Civil action by plaintiff, guardian of R. H. Rhyne, an insane person, to recover under the permanent disability clauses of two insurance policies.

On 20 February, 1926, the defendant issued to Robert H. Rhyne a life insurance policy in the sum of $5,000, and again on 15 December, 1926, the defendant issued another policy to the said Robert H. Rhyne in the sum of $2,500. The first of said policies provides for the "waiver of all future premiums and monthly payments for life of $50" in case of total and permanent disability, if, after payment of the first and before default in the payment of any subsequent premium, "the insured shall furnish to the company due proof that he has been wholly and continuously disabled by bodily injuries or disease and will be permanently, continuously and wholly prevented thereby from pursuing any occupation whatsoever for remuneration or profit." The second of said policies provides for the "waiver of all future premiums and monthly payments for life of $25," if, while the policy is in force and before default

in the payment of any premium, "the insured shall furnish to the company due proof that he has become totally disabled by bodily injuries or disease," etc.

The premiums due on the first policy were paid up to 20 March, 1927, including the 30-day period of grace, and the premiums due on the second policy were paid up to 15 May, 1927. No further premiums were paid on said policies after the respective dates above mentioned, and it is the contention of the defendant that both of said policies lapsed for nonpayment of premiums on the respective dates aforesaid.

On 19 August, 1927, the assured was committed to the State Hospital for the Insane at Morganton, where he still remains. Plaintiff qualified as his guardian 29 September, 1927. There was evidence from which the jury could find that the assured became insane in January or February, 1927, during the life of the policies in suit. Plaintiff brings this action to recover, for the benefit of the assured, the life annuities provided for under the total and permanent disability clauses contained in said policies.

It being admitted that proofs of total and permanent disability were not furnished to the insurance company prior to 20 March, 1927, or 15 May, 1927, judgment of nonsuit was entered on motion of the defendant.

Plaintiff appeals, assigning errors.

*Avery & Patton and Spainhour & Mull for plaintiff.*
*Brooks, Parker, Smith & Wharton, S. J. Ervin and S. J. Ervin, Jr., for defendant.*

STACY, C. J., after stating the case: The appeal presents the single question as to whether total disability or insanity, which renders an assured incapable of giving notice of injury or disease, required by the terms of an insurance policy, can be said to have been reasonably within the minds of the parties at the time of the making of the contract, in the absence of unequivocal language dealing with such a situation. We think not.

It is considered by a majority of the courts that a stipulation in a contract of insurance requiring the assured, after suffering injury or illness, to perform some act, such as furnishing to the company proof of the injury or disability within a specified time, ordinarily does not include cases where strict performance is prevented by total incapacity of the assured to act in the matter, resulting from no fault of his own, and that performance within a reasonable time, either by the assured after regaining his senses or by his representative after discovering the policy, will suffice. *Guy v. U. S. Casualty Co.,* 151 N. C., 465, 66 S. E.,

437; Annotation: 54 A. L. R., 611; Notes: 27 L. R. A. (N. S.), 319; 18 L. R. A. (N. S.), 109; 14 L. R. A. (N. S.), 503; Ann. Cas., 1914D, 413; 14 Ann. Cas., 294; 14 R. C. L., 1333.

It may be conceded that the decisions are variant as to whether, under any circumstances in a case like the present, liability can survive failure to comply with the requirement of notice. The clear weight of authority, however, seems to be in favor of the plaintiff's position. The reasons assigned by the different courts, in support of the majority view, are not altogether harmonious, and some perhaps are inconclusive. They are all considered in a learned opinion by *Nortoni, J.,* in *Roseberry v. Association,* 142 Mo. App., 552, 121 S. W., 785. But we are content to place our decision on the broad ground that, notwithstanding the literal meaning of the words used, unless clearly negatived, a stipulation in an insurance policy requiring notice, should be read with an exception reasonably saving the rights of the assured from forfeiture when, due to no fault of his own, he is totally incapacitated from acting in the matter. That which cannot fairly be said to have been in the minds of the parties, at the time of the making of the contract, should be held as excluded from its terms. *Comstock v. Fraternal Accident Association,* 116 Wis., 382, 93 N. W., 22. The primary purpose of all insurance is to insure, or to provide for indemnity, and it should be remembered that, if the letter killeth, the spirit giveth life. *Allgood v. Ins. Co.,* 186 N. C., 415, 119 S. E., 561; *Grabbs v. Ins. Co.,* 125 N. C., 389, 34 S. E., 503.

If the majority view be correct, and we are disposed to think that it is, it follows that there was error in granting the defendant's motion for judgment of nonsuit.

Reversed.