# Wytheville.

CHRISTINA S. SWANN v. ATLANTIC LIFE INSURANCE COMPANY.

June 18, 1931.

Present, Campbell, Holt, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Page, Page & Page,* for the plaintiff in error.

*Andrew D. Christian, Alexander W. Parker* and *Savage & Lawrence,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Christina S. Swann brought an action of assumpsit to recover, as beneficiary, on a life insurance policy for $2,500.00, against the Atlantic Life Insurance Company. Judgment was entered in favor of the Atlantic Life Insurance Company, and

Christina S. Swann has been granted a writ of error by this court. The plaintiff in error and the defendant in error will be referred to as the plaintiff and defendant, having reference to their respective positions in the court below.

The case was submitted to the trial court upon the declaration, the policy of insurance, the special plea of the defendant and the replication thereto, of the plaintiff. A motion was made by the defendant to strike out the replication, and the court sustained the motion on the ground that it did not constitute any answer to the matters set up in the special plea. The plaintiff then elected to stand on her replication and declined to plead further. The court entered a judgment, of which the plaintiff now complains, in favor of the defendant.

It was alleged in the declaration that Harry K. Swann, Jr., on October 27, 1921, purchased from the defendant a life insurance policy on his life for the amount of $2,500.00. His wife, the plaintiff here, was named as the beneficiary. It was alleged that Swann died on April 28, 1929, while the policy was in force, and due proof of death was given the defendant in conformity with the terms of the policy, but the defendant refused to pay the plaintiff the amount of the policy.

The defendant set forth in its special plea that the plaintiff could not maintain her action because on or before the due date, or within the designated grace period, the premium for the policy due on October 27, 1928, was not paid, and as a consequence, the policy lapsed, except that after the deduction of a loan which had been made against the policy the net amount available under it was applied, in accordance with its terms in continuing the insurance, as "extended term insurance" to March 27, 1929; that the policy was not in force on April 28, 1929, the date of the death of the insured, it having lapsed on March 27, 1929.

To this special plea the plaintiff filed her replication, setting forth that she should not be barred from recovery by reason of anything contained in the special plea, notwithstanding the

facts therein alleged were true; that the policy remained in force by reason of a supplemental agreement made a part of the policy, under the title "premium waived," which supplemental agreement is as follows:

"In consideration of the payment of the premium mentioned on the first page of said contract, and subject to all the terms and conditions thereof:

*Disability.* — "Atlantic Life Insurance Company hereby agrees that if, prior to attaining the rated age of sixty years, while this contract is in full force (not continued as paid-up or extended term insurance) the insured shall furnish proof satisfactory to the company that, from causes originating after delivery of this contract, and entirely beyond the control of the insured, he has become totally and permanently disabled, and will by such disablement be prevented for life from engaging in any gainful occupation, the company shall by endorsement hereon agree to:

*Premium Waived.*—1. "Continue the contract without requiring the payment of premiums, if any, thereafter falling due during the continuance of such disability, during which period the right of the insured to dividends (payable only in cash), surrender values and all other benefits under said contract shall continue with the same force and effect as if premiums were duly paid by the insured; or in lieu thereof—

*Monthly Income During Disability.*—2. "Pay to the insured, with the written consent of the assignee, if any, without requiring further payment of premiums, the sum due in event of death, in one hundred equal monthly instalments, the first instalment to be payable immediately and subsequent instalments to be payable monthly thereafter upon presentation of the contract for endorsement evidencing payment. Each instalment shall reduce by its amount the face value of the contract, and the loan and cash values, for which tables are provided on the third page of the contract, shall be calculated as if premiums had been duly paid for the reduced insurance on

the basis employed in said table. Any indebtedness on the contract shall be so far settled out of each such instalment payment as to reduce the balance of the indebtedness to a sum never exceeding the cash value of the contract after said payment has been made. In the event of the death of the insured, or the expiration of the original endowment period, before the said one hundred instalments shall have been paid, the remaining unpaid instalments, plus any dividend additions or accumulations, shall be paid in one sum to the beneficiary named in the contract, or to the insured, if it be an endowment contract. Should all instalments be paid to the insured, any dividends left to accumulate or the cash value of any dividend additions will be added to final payment."

It is further set forth in the replication that by reason of the said agreement, notwithstanding the failure to pay the premium, the defendant had agreed to continue the insurance without requiring payment of premiums if, prior to attaining the age of sixty years, the insured from causes entirely beyond his control, had become totally and permanently disabled and was thereby prevented for life from engaging in any gainful occupation; that the insured had not attained the age of sixty years, and that prior to October 27, 1928, the due date of the premium, from causes originating after delivery of the policy and beyond his control, he became totally and permanently disabled and by reason thereof he was prevented for life from engaging in any gainful occupation, and from then until his death on April 28, 1929, continued to be disabled and was mentally and physically incapable of furnishing the defendant any proof of his disability prior to his death; that the plaintiff had no knowledge of the existence of the policy until after insured's death and that by reason of these facts and the contract, the premium was waived and the insurance in force at the date of the insured's death.

The issue presented to the trial court by the pleadings was a narrow one. For the purpose of testing the correctness

of its ruling in striking out the plaintiff's replication, it must be admitted that the facts set up in said replication are true. This is conceded in the brief of counsel for the defendant in this language: "* ,* * and the fact that the insured himself could not perform the act (as is conceded for the purpose of this appeal) does not in any way excuse the breach * * *."

So, assuming the facts set out in the replication, "wherein the cause of action is set forth, the defenses stated and traversed," to be true, as we must do for the present, are they sufficient as a matter of law to constitute a cause of action against the defendant? If they are, then the trial court committed reversible error when it struck out the replication, thereby preventing a jury from determining the question of whether disability existed and the further question of whether the failure to furnish the required proof thereof was excusable by reason of the insured's physical and mental inability to do so.

The plaintiff contends that the waiver of premium clause in the policy became effective immediately when the insured became totally and permanently disabled. The defendant contends that the said clause only becomes effective after satisfactory proof of such disability is furnished the insurance company, and it has endorsed such waiver of premiums on the policy, and that the furnishing of such proof is a condition precedent to be performed before the insured is entitled to a waiver of premiums.

There is respectable authority in other jurisdictions supporting the contentions of both the plaintiff and the defendant. It is in hopeless conflict and the cases cannot be reconciled. There is no Virginia authority on the particular question here involved.

The defendant cites the Alabama case of *New England Mutual* v. *Reynolds,* 217 Ala. 307, 116 So. 151, 59 A. L. R. 1075, as authority in support of its contention, and it must be admitted that this case is directly in point and supports the construction contended for by the defendant. It cannot be dis-

tinguished from the present case. It holds under a similar clause that the furnishing of proof of disability to the insurance company is made a condition precedent to the waiver of premium payments under the supplemental agreement; that the furnishing of such proof is the specific condition upon which the company will waive the premiums and that the clause is not self-operating.

That is a leading case in support of the defendant's position. In that case the insured became insane prior to the due date of the premium, which was not paid. He continued insane until his death, which occurred after the lapse of the policy. No proof of disability was furnished the company prior to his death. The beneficiary sought to recover on the grounds that the insured was mentally and physically unable to furnish any proofs of disability and, therefore, was relieved of the consequences of his failure to file same, and that the premium falling due after the beginning of his disability should have been waived and the policy kept in force.

A number of cases are collected in notes in 29 A. L. R. p. 1511, 54 A. L. R. p. 611, and 59 A. L. R. p. 1080.

Counsel for the defendant has cited in his brief a great number of other cases in point. Counsel for the plaintiff cites numerous cases holding that notice to the insurance company of disability will be excused when the insured is incapable of giving the notice by reason of mental or physical disability. In the case of *Minnesota Mutual Life Insurance Co.* v. *Marshall* (C. C. A.), 29 Fed. (2nd) 977, 978, the court held that:

"On the question of when the time of waiver of the payment of premiums begins under policy provisions similar to these quoted, there are two lines of decisions; one holding that proof of disability fixes the time when the waiver begins and the other holding that the time of waiver is the time of disability, and that a reasonable time thereafter is allowed to make proof of such disability, and that if death occurs before the proof of disability is made, although after the due date

of the premium, the insurance company is liable, where the disability arises before the due date of the premium, and continues until death."

And further the court says: "It is unnecessary to attempt to distinguish the language of the policies upon which these differing opinions are based. They unquestionably put a different construction upon practically the same provisions of insurance policies. They differ as to the construction of the same or similar language. These decisions of themselves establish doubt as to the construction and meaning of the provisions which we are called upon to interpret. It is a familiar rule of construction that where contracts of insurance are prepared by the insurer, and there is doubt as to the meaning of their provisions, it will be construed most favorably to the insured."

And concluding: "However much the legal mind may differ as to the meaning of these provisions, the ordinary layman would construe them to mean that, in the event he became disabled before his premium fell due, his insurance would be continued until his disability was removed or until his death. That is the natural and reasonable construction to be placed upon the language used in this policy. Any other construction, to my mind, would be contrary to the full purpose of the contract and deprive the insured of one of the principal benefits of his policy. The right of the insured to have his premiums discontinued during disability is one that he had paid for. To make its operation depend upon the time of proof of disability, and not upon the time of disability itself, which was the real thing that he was protecting himself against, renders the provision of the policy under construction inoperative and the right of no value."

An attempt was made to carry this case to the Supreme Court of the United States, and a writ of *certiorari* was applied for, but refused. *Minnesota Mut. L. Ins. Co.* v. *Marshall*, 279 U. S. 851, 49 S. Ct. 347, 73 L. Ed. 994.

The Supreme Court of South Carolina passed upon the ques-

tion in *Levan* v. *Metropolitan Life Ins. Co.,* 138 S. C. 253, 136 S. E. 304, 306. In that case the trial judge held: "That if at the time the unpaid premium became due Levan was totally and permanently disabled, as defined in the policy, and was incapable of furnishing proofs of his disability by reason of the disability itself, and that his beneficiary complied with the policy provisions with reasonable promptness, under all the circumstances, then the policy would not be considered forfeited for non-payment of premiums." The appellate court approved this holding and quoted from the Supreme Court of Georgia (*North American Accident Ins. Co.* v. *Watson,* 6 Ga. App. 193, 64 S. E. 693), as follows: "It is settled by an overwhelming weight of authority that where the failure to give prompt notice is not due to the negligence of the insured or the beneficiary, but such compliance has been prevented and rendered impossible by an act of God, this would furnish a sufficient legal excuse for the delay in giving the stipulated notice, and this doctrine has been applied in cases in which a specified time for the giving of the notice has been fixed by the contract."

The Supreme Court of North Carolina passed upon the identical point in the case of *Rhyne* v. *Jefferson Standard Life Insurance Co.,* 196 N. C. 717, 147 S. E. 6, 7. There it was said:

"It is considered by a majority of the courts that a stipulation in a contract of insurance requiring the assured, after suffering injury or illness, to perform some act, such as furnishing to the company proof of the injury or disability within a specified time, ordinarily does not include cases where strict performance is prevented by total incapacity of the assured to act in the matter, resulting from no fault of his own, and that performance within a reasonable time, either by the assured after regaining his senses or by his representative after discovering the policy, will suffice. *Guy* v. *U. S. Casualty Co.,* 151 N. C. 465, 66 S. E. 437; annotation, 54 A. L. R. 611; notes: 27 L. R. A. (N. S.) 319; 18 L. R. A. (N. S.) 109;

14 L. R. A. (N. S.) 503; Ann. Cas. 1914D, 413; 14 Ann. Cas. 294; 14 R. C. L. 1333.

"It may be conceded that the decisions are variant as to whether, under any circumstances in a case like the present, liability can survive failure to comply with the requirement of notice. The clear weight of authority, however, seems to be in favor of the plaintiff's position. The reasons assigned by the different courts, in support of the majority view, are not altogether harmonious and some, perhaps, are inconclusive. They are all considered in a learned opinion by Nortoni, J., in *Roseberry* v. *American Benev. Association,* 142 Mo. App. 552, 121 S. W. 785. But we are content to place our decision on the broad ground that, notwithstanding the literal meaning of the words used, unless clearly negatived, a stipulation in an insurance policy requiring notice should be read with an exception reasonably saving the rights of the assured from forfeiture when, due to no fault of his own, he is totally incapacitated from acting in the matter. That which cannot fairly be said to have been in the minds of the parties, at the time of the making of the contract, should be held as excluded from its terms. *Comstock* v. *Fraternal Accident Ass'n,* 116 Wis. 382, 93 N. W. 22. The primary purpose of all insurance is to insure or to provide for indemnity, and it should be remembered that, if the letter killeth, the spirit giveth life. *Allgood* v. *Hartford Fire Ins. Co.,* 186 N. C. 415, 119 S. E. 561, 30 A. L. R. 652; *Grabbs* v. *Farmers' Mut. Fire Ins. Ass'n,* 125 N. C. 389, 34 S. E. 503."

The *Rhyne Case* was reheard by the Supreme Court of North Carolina (199 N. C. 419, 154 S. E. 749), and after an exhaustive discussion of the question and an examination of the cases, the court stood by its former position and held that under circumstances similar to those in the present case, notice to the company and proof of disability were excusable.

We deem it unnecessary to further pursue the legal question here involved. Numerous cases can be found in which the

courts arrive at different conclusions where the language in the policy is substantially the same.

The insured could not present proofs before his disability, and he certainly could not present proofs after he became mentally and physically incapable of doing so. It would be unreasonable to say that he should present proofs to the company if he were insane or unconscious. Such a construction of the policy would render it of no value to the insured in such a case, although he may have been influenced thereby to purchase the insurance and has paid for the right to have the premiums waived.

Payment of the premium, when due, has been strictly enforced in favor of the insurance companies. This is because the premium is the basis of the contract, and the companies cannot carry on their business unless the premiums are paid. Furnishing proofs of total and permanent disability is a different matter. When the disability of the insured occurred while the policy was in force, he was entitled to have his premiums waived until his death, for his disability continued until his death. He had paid for this right, and to say that he should lose the benefit of his policy because he failed, through mental or physical incapacity, to present proofs would be harsh and unreasonable under the circumstances.

We concluded that the giving of notice and proof of disability was not a condition precedent to the right to a waiver of premiums where the insured, through no fault of his own, has become, while the policy is in force, mentally and physically incapable of giving the notice or furnishing the proofs to the company, and that the issue raised by the replication of the plaintiff should have been submitted to a jury.

The judgment of the lower court is reversed and the case is remanded for further proceedings.

*Reversed.*