## JOHNSON v. MUTUAL LIFE INS. CO. OF NEW YORK.

### No. 3575.

Circuit Court of Appeals, Fourth Circuit.
April 3, 1934.

John S. Barbour, of Fairfax, Va., and Burnett Miller, of Culpeper, Va. (W. F. Moffett, of Washington, Va., on the brief), for appellant.

James C. Martin and Earl L. Abbott, both of Roanoke, Va. (Frederick L. Allen, of New York City, and Martin & Abbott, of Roanoke, Va., on the brief), for appellee.

Before PARKER and SOPER, Circuit Judges, and BAKER, District Judge.

SOPER, Circuit Judge.

This is a suit to recover upon a policy of life insurance in the amount of $4,500, with disability benefits, issued on May 16, 1930, to Benjamin F. Cooksey, the insured, and made payable to his estate. The insured died of acute nephritis, or Bright's disease, on January 20, 1932, and the action was brought by his administrator and removed to the District Court. At the close of the plaintiff's evidence a verdict was directed for the defendant, and plaintiff has taken this appeal.

The ground upon which the case was taken from the jury was that the policy had lapsed on December 17, 1931, at the expiration of a grace period of 31 days, by reason of the failure of the insured to pay the quarterly premium which fell due November 16, 1931. The evidence of the plaintiff tended to show that the disease from which the insured suffered had developed gradually during the fall months, and had reached a stage rendering him totally and permanently disabled by December 14, 1931, when he was put to bed, to remain there until his death. These circumstances, the plaintiff contended, brought into operation a provision of the policy waiving premiums in the event that due proof should be furnished to the company, while no premium was in default, that the insured was totally and permanently disabled. It was urged that the occurrence of the disability was the sole condition required to be satisfied before the expiration of the period of grace, and that proof thereof, which was not in fact furnished during the lifetime of the insured, might properly be furnished within a reasonable time after default. An alternative contention was also made that, from the time that the disability was established, the mental condition of the insured was such, as a result of uremic poisoning induced by the disease, that he was incapable of furnishing the proof, and therefore the failure to comply with the condition prior to default

was excused. These contentions, which were rejected by the District Court, present the principal questions to be considered.

On the first question, the relevant provisions of the policy are as follows: Upon the face of the policy it was provided that "* * * if the insured is totally and permanently disabled before age 60, (the company) will pay to the insured forty-five dollars monthly during such disability, increasing after five and ten years' continuous disability, besides waiving premium payments, all upon the conditions set forth in Section 3." Section 3 provides:

"If, before attaining the age of sixty years, and while no premium on this policy is in default, the insured shall furnish to the company due proof that he is totally and permanently disabled, * * * the company will grant the following benefits during the remaining lifetime of the insured so long as such disability continues."

"Benefits. (a) * * * The company will pay a monthly income to the insured of the amount stated on the first page hereof * * * beginning upon receipt of due proof of such disability. * * *"

"(b) Waiver of Premium. The company will also, after receipt of such due proof, waive payment of each premium as it thereafter becomes due during such disability."

The plaintiff relied, in the District Court and in this court on appeal, upon the case of Minnesota Mut. Life Ins. Co. v. Marshall (C. C. A.) 29 F.(2d) 977; but the pending case is ruled on this point by the decision of the Supreme Court in Bergholm v. Peoria Life Ins. Co., 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416. In the latter case the policy provisions were substantially similar to those in the case at bar, and the evidence showed a permanent and total disability before the premium became in arrears and also a failure to furnish proof thereof prior to the insured's death. The court rejected an argument, advanced to show liability under the policy, based on Minnesota Mut. Life Ins. Co. v. Marshall, supra, in these words (pages 491, 492 of 284 U. S., 52 S. Ct. 230, 231):

"The pertinent provisions of the policy there, however, differ from those found in the policy here under consideration. There the policy provided that if the insured, while the policy is in force and before default in payment of premiums, 'shall become totally and permanently disabled * * * and shall furnish satisfactory proof thereof, the Company will waive the payment of premiums

thereafter becoming due,' and that 'upon the receipt of due proof of total and permanent disabilities * * * the Company will waive the payment of all premiums thereafter becoming due.' The court held that the waiver took effect at the time of the disability, and did not depend upon the time when proof thereof was furnished.

"We do not need to controvert this construction of the words quoted, or question the soundness of the view of the court that the existence of the disability before the premium became in arrears, standing alone, was enough to create the waiver. In that view, the obligation to furnish proof was no part of the condition precedent to the waiver; but such proof might be furnished within a reasonable time thereafter. Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of *proof* of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums *becoming due after the receipt of such proof*. The provision to that effect is wholly free from the ambiguity which the court thought existed in the Marshall policy. * * *"

The distinction thus pointed out, between the Bergholm and Marshall Cases, serves equally to differentiate the latter from the case at bar, for the language of the policy here is equally free from ambiguity, if, indeed, it is not more strongly in favor of the insurer than that in the Bergholm Case. It is agreed that, "If * * * while no premium on this policy is in default, the insured *shall furnish to the company due proof* that he is totally and permanently disabled * * *" the company will "* * * after receipt of such due proof, waive payment of each premium as it *thereafter* becomes due during such disability." It could not be more plain that the furnishing of proof was intended to be a part of the condition precedent, or that the condition as a whole was in terms required to be performed before any premium should be in default. The Circuit Court of Appeals for the Eighth Circuit, which decided the Marshall Case, has itself distinguished the form of expression there employed from one very similar to that involved in the present case. See Orr v. Mutual Life Ins. Co. of New York (C. C. A.) 64 F.(2d) 561. The language of the provision here compels the conclusion that proof of disability must be furnished before default as a condition precedent to the waiver of premiums.

Reference to other provisions of the policy, in aid of the construction for which plaintiff contends, is similarly without avail. The argument is made that the waiver of premiums is controlled by the broad language on the face of the policy as to disability benefits (quoted above, immediately before section 3), which makes no mention of the necessity of furnishing proof, and that the effect of this language is to create an ambiguity, which should be resolved in the insured's favor. But the language referred to is immediately qualified by the clause, "all upon the conditions set forth in Section 3," and no one turning to section 3 could fail to understand that it limits the promise on the face of the policy in several respects.

A further contention, based upon a provision of the policy supplementary to section 3 above quoted, is also unsound. The provision, which deals with a right of reinstatement, is as follows:

"If, not later than six months after the due date of any premium in default and provided no previously due premium is also in default, due proof is received by the company * * * that the insured was totally and permanently disabled * * * at the date when such premium in default fell due, *and has been continuously so disabled since said due date,* the policy will be reinstated without evidence of insurability and the waiver of premium and disability income benefits shall be the same as if such default had not occurred." (Italics inserted.)

The language italicized shows that this provision is inapplicable when no proof of disability is furnished to the company during the lifetime of the deceased. The right of reinstatement is obviously not intended to survive the death of the insured. The requirement of proof of disability before default, contained in the disability benefits section 3, is designed to afford the company an opportunity for investigation during the lifetime of the insured, and thus protect itself against fraudulent claims after death that the insured had become totally and permanently disabled before the default occurred. The requirement is relaxed by the supplementary provision if, during the life of the insured, due proof is received by the company that the insured was disabled when the premium in default fell due; under such circumstances a reasonable opportunity for investigation still exists. A similar result was reached in Brams v. New York Life Ins. Co., 299 Pa. 11, 148 A. 855.

There remains the question whether the case should have been submitted to the jury with instructions that the insured's failure to furnish proof of disability to the company before default was excused, if the jury should find from the evidence a mental or physical incapacity of the insured, which rendered it impossible for him to make the proof. It is strongly urged by the defendant that such an excuse is ineffectual in view of the clear and unequivocal language of the present policy. It is said that most of the cases which uphold the excuse, where the impossibility of furnishing proofs is shown, are cases involving policies of accident or fire insurance, in which some language may be found in the condition to indicate that the furnishing of proofs is required only when it is reasonably possible to furnish them. Stress is furthermore placed upon the fact that the condition of the policy in the present case is a condition precedent, and that in some of the cited cases the condition is regarded as subsequent.

It must be conceded that the position of the defendant finds support in cases from two jurisdictions. New England Mutual Life Ins. Co. v. Reynolds, 217 Ala. 307, 116 So. 151, 59 A. L. R. 1075; Whiteside v. North American Acc. Ins. Co., 200 N. Y. 320, 93 N. E. 948, 35 L. R. A. (N. S.) 696. An overwhelming majority of the state courts that have passed upon the matter have, however, laid down the rule that a condition precedent requiring notice or proof of disability is excused where its performance is impossible by reason of the physical or mental incapacity of the insured, as where the insured is insane or unconscious during the period when proof should have been furnished, and that the condition may be performed within a reasonable time after the incapacity is removed. Swann v. Atlantic Life Ins. Co., 156 Va. 852, 159 S. E. 192; Rhyne v. Jefferson Standard L. Ins. Co., 196 N. C. 717, 147 S. E. 6; Id., 199 N. C. 419, 154 S. E. 749; Levan v. Metropolitan Life Ins. Co., 138 S. C. 253, 136 S. E. 304; Roseberry v. American Benev. Ass'n, 142 Mo. App. 552, 121 S. W. 785; Continental Casualty Co. v. Mathis, 150 Ky. 477, 150 S. W. 507; Comstock v. Fraternal Acc. Ass'n of America, 116 Wis. 382, 93 N. W. 22; Reed v. Loyal Protective Ass'n, 154 Mich. 161, 117 N. W. 600; Woodmen Acc. Ass'n v. Pratt, 62 Neb. 673, 87 N. W. 546, 55 L. R. A. 291, 89 Am. St. Rep. 777; and see 54 A. L. R. 611, note. The same rule has been applied in two further cases, which seem to place some reliance upon a view that the

particular condition involved was a condition subsequent. Pfeiffer v. Missouri St. L. Ins. Co., 174 Ark. 783, 297 S. W. 847, 54 A. L. R. 600; North American Acc. Ins. Co. v. Watson, 6 Ga. App. 193, 64 S. E. 693. Of these cases, the first three, the Swann, Rhyne, and Levan Cases, and also the Pfeiffer Case, involved life insurance policies with provisions for disability benefits similar in all pertinent respects to the provision here. And, although the remaining cases involve accident policies, in none of them does it appear that there was any language in the condition indicative of an intention that proof should be required only where it could reasonably be furnished. Compare Metropolitan Casualty Ins. Co. v. Johnston (C. C. A.) 247 F. 65.

We think the rule announced by the majority of the state courts is the sound rule to apply. The situation is one where the parties may fairly be said to have contemplated a capacity to make the proof when disability should arise, for otherwise such a contract may prove a trap for the unwary by imposing conditions which incapacity may render it impossible to perform. There is, it is true, no language in the condition which qualifies it in the event that its performance should become impossible; but it is a general rule in the law of contracts, that impossibility may excuse a condition, though a condition precedent, if the existence or occurrence of the condition is no material part of the exchange for the promisor's performance, and the discharge of the promisor will operate as a forfeiture. Restatement of Contracts, § 301; and see Illustrative Case (4). See, also, Williston on Contracts, vol. 2, § 806. This principle, furthermore, has received recognition by the Supreme Court in Insurance Companies v. Boykin, 12 Wall. 433, 436, 20 L. Ed. 442, where failure to perform a provision requiring proof of loss in a fire insurance policy was held to be excused by the insanity of the insured, the court saying that " * * * if he was so insane as to be incapable of making an intelligent statement [of the time, nature and amount of the loss], this would of itself excuse that condition of the policy."

The evidence of the plaintiff tended to show mental incapacity to furnish the proof, as well as total and permanent disability prior to December 17, 1931, when the period of grace permitted by the policy expired. Proof of disability might properly have been furnished at any time before the end of that period, in compliance with the requirement that it be furnished "while no premium on this policy is in default." The defendant, contending that it might not be furnished after November 16, places some reliance on the provision of section 12 of the policy that "all premiums are *payable* on or before their due date. * * *" But that language is immediately followed by the grace provision: "A grace of 31 days shall be granted for the payment of each premium after the first, during which days of grace the insurance shall continue in force." No premium could accurately be termed "in default" in view of this provision, until the period had run; for, as pointed out in Minnesota Mutual Life Ins. Co. v. Marshall, supra, page 979 of 29 F. (2d), in answer to a similar contention: "An obligation is due during the entire period during which it may be paid, whether that period extends over one day, three days, or thirty days. The premium was not really due, in the sense that the failure to pay it would result in a forfeiture of the policy, until the grace period had expired."

The case should have been submitted to the jury with appropriate instructions, since the disease had made such progress by December 14, 1931, that the jury might have found that the insured was incapable on or before that date of complying with the provisions of the policy in regard to notice of disability.

The judgment of the District Court must therefore be reversed.