69 N.J. Super. 299 (1961)
174 A.2d 260
JEAN D. KAMPF, PLAINTIFF,
v.
THE FRANKLIN LIFE INSURANCE COMPANY OF SPRINGFIELD, ILLINOIS, A CORPORATION OF THE STATE OF ILLINOIS, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided October 13, 1961.
*300 Mr. Max Klayman, attorney for plaintiff.
Mr. Nicholas Conover English for defendant (Messrs. McCarter and English, attorneys).
PINDAR, J.S.C.
Plaintiff sues as beneficiary under a contract of insurance issued by defendant on the life of her husband, Morton Kampf, who died April 22, 1958. The policy provides that the beneficiary will receive a monthly income of $100 from the insurer payable from the death of the insured until the expiring date. It is dated September 21, 1956 and had an expiration date of September 21, 1976. Premiums were to be paid quarter-annually. An original effort to recover the insurance fund was previously litigated and determined in plaintiff's favor by our trial court, 56 N.J. Super. 185 (Ch. Div. 1959), but reversed on appeal, 33 N.J. 36 (1960). The Supreme Court held that an adjudication by way of an assumed judicial interpretation *301 of the contract provisions fixing the due date on which the premium was payable was erroneous. The trial court found the aforementioned due date was March 24, 1958, and recognized the extended grace period of 31 days; that the insured's death on April 22, 1958 occurred within the period when the policy was in force and effect. The reversing court determined that the language of the contract respecting the provisional due date, that "subsequent premiums are payable on the anniversary * * * date," was clear, certain and unambiguous and accordant with appropriate contractual terms to conclude that the questioned due date was March 21, 1958, with inevitable reason to further conclude that insured's death on April 22, 1958 postdated insurance coverage under the policy, and at page 44 said: "We therefore hold that the grace period expired on April 21, 1958, one day before the insured's death." That conclusion must be considered the law of this case and no reference to the pertinent provisions is necessary.
But, as expressed in the opinion of Justice Schettino, speaking for the court, it was considered that complete justice required that the cause of contractual liability, as to the insurance fund, have further judicial review for effectual adjudication on remand. The appeal court, upon noticing in a supplementary agreement (in consideration of extra premium charge) that the insurance contract contained a rider provision designated "Waiver of premium," required reargument and briefs thereon. As this aspect had not been before the trial court, being initially raised on appeal, the issue here is limited to the determination of the effect of this rider. The pertinent provision of the contractual right is set forth as follows:
"WAIVER OF PREMIUM: The Company agrees to waive the payment of each premium becoming due under said Policy after the commencement of such disability, provided however, that no premium shall be waived, the due date of which is more than six months prior to the date of receipt at the Home Office of the Company of written notice of claim hereunder. Any premiums so waived shall not be deducted from the sum payable in any settlement *302 of said Policy. During the continuance of disability the manner of premium payment may not be changed."
In the light of this supplementary undertaking by the court the opinion discloses the purpose, character, and extent which would control the trial court upon remand. That situation will be better understood by the following quoted portion of the Supreme Court's opinion as contained at pages 44, 45:
"We next consider whether payment was here excused. The supplemental agreement to the policy contains a waiver of premium provision for which an extra charge was made. It provides that if, after the first premium payment is made and before there is a default in any following payment, the insured furnishes the insurance company at its home office proof of total disability resulting from bodily injury or disease, the insurance company waives premium payments which become `due * * * after the commencement of such disability'; that an insured is totally disabled when he `is and will be continuously and wholly prevented thereby from performing any work or transacting any business for compensation or profit and that such disability has already continued uninterrupted for a period of at least six months (such disability of such duration being treated as permanent only for the purpose of determining the commencement of the benefit hereunder) * * *.' The agreement attempts to restrict the waiver provision by stating `provided, however, that no premium shall be waived, the due date of which is more than six months prior to the date of receipt * * * of written notice of claim hereunder.' It further provides that if the insured has defaulted in a premium payment without having given prior notice of disability, payment of that premium will nevertheless be waived if the insured's disability occurred before the due date or before expiration of the subsequent grace period and if the insured presents notice of his claim within six months of the due date. The notice of claim must be presented during the insured's lifetime and during continuance of his disability. But, failure to supply notice within such time does not invalidate the claim `if it shall be shown that it was not reasonably possible to give such notice within such times and that such notice was given as soon as reasonably possible.'"
And, at page 49:
"Plaintiff is not barred from recovering because death intervened before the insured had been disabled for six months for virtually the same parenthetical clause is present in this policy as in the ones *303 construed in Commonwealth Life Ins. Co. v. Francis, supra [278 Ky. 343, 128 S.W.2d 742 (Ct. App. 1939)], and in Lenkutis [v. New York Life Ins. Co.] supra [374 Ill. 136, 28 N.E.2d 86 (Sup. Ct. 1940)]. In accord with those opinions we hold that * * * the six-month requirement as to duration could not have been designed for any other purpose than to insure the requisite permanency of disability."
The above quotation produced specific judicial expressions of plaintiff's burden of proof that (a) the element of disability existed, and (b) total disability started before the end of the grace period (April 21, 1958). Likewise, the court referred to the type of total disability intended by the waiver of premium provisions and in the light of controlling circumstances of the insured's occurring disability the court at page 46 said:
"For the insured to have come within the disability-waiver of premiums provision, it is incumbent upon plaintiff to show that such disability existed. Where as here death occurred beyond the grace period, plaintiff must show that the total disability started before the end of said period. The policy defines total disability as one resulting from bodily injury or disease the consequence of which is `that the Insured is and will be continuously and wholly prevented thereby from performing any work or transacting any business for compensation or profit.' Under this definition it is not necessary that the insured have been rendered completely helpless during the grace period. It is sufficient that the insured was `unable to perform all the substantial and material acts necessary to the prosecution of his business or occupation in a customary and usual manner.' Fannick v. Metropolitan Life Ins. Co., 34 N.J. Super. 556, 559 (App. Div. 1955). Cf. Dittmar v. Continental Cas. Co., 29 N.J. 532, 543 (1959). As this issue was not tried below and the stipulation before us is incomplete, the cause must be remanded for trial." (Italics added)
Although not conceded by the insurer, it is considered that the determinate problem sub judice, to be consistent with the comprehensive adjudication on appeal, is confined to whether or not the form and character of the claimed disability of the insured sustain the obligation for payment of the subject fund. Thus, supplementary review to conclude contractual liability will be satisfied by a determination *304 of (a) actual disability within the pertinent grace period and continuance till death, and (b) whether sufficient substantial notice of disability was timely given to the insurer.
The nature and quality of the element of notice of disability within the terms and provisions of the subject policy to satisfy for the waiver of premium were expressed by the Supreme Court.
The hospital records show that the insured was admitted to the hospital on April 21, 1958, and the diagnosis was that he had chicken pox and possible pneumonia; the duration of the disease before admission was five days; at eight o'clock the night of April 21, 1958 he began to receive oxygen tent therapy, which continued till his death; he was pronounced dead at 12:35 P.M. the following day, and that the cause of death was varicella and virus bronchopneumonia. In addition, the undisputed testimony of the plaintiff shows that the insured had a temperature above normal on April 18, 1958 and went to bed; that on April 19, 1958 Dr. Arnold Rosenthal attended the insured and directed him to remain in bed; and that the insured's illness and temperature continued uninterruptedly until his death and he made no effort to attend his normal business during this period.
Accordingly, it is decided in fact and law that the decedent was totally disabled under the policy terms provided in the waiver of premium clause within the grace period which ended on April 21, 1958.
The court is now faced with the more difficult question of determining the requirement of notification to the insurer of such disability and whether the plaintiff's claim should be invalidated in the event such notice was not given as soon as was reasonably possible. The policy requires that due proof be furnished the insurance company that the insured is totally disabled, and then proceeds to state that the requirement for due proof is that written notice of claim be received by the home office. However, it states *305 further that "[F]ailure to give such notice within such times shall not invalidate any such claim if it shall be shown that it was not reasonably possible to give such notice within such times and that such notice was given as soon as was reasonably possible."
The Supreme Court has given us a guide in this determination by saying, at page 49:
"The result reached in these cases [Swann v. Atlantic Life Ins. Co., 156 Va. 852, 159 S.E. 192 (Sup. Ct. App. 1931), and Minnesota Mut. Life Ins. Co. v. Marshall, 29 F.2d 977 (8 Cir. 1928)] is sound for, as we view the matter, the existence and not the proof of disability fixes the insurer's liability. Mutual Life Ins. Co. v. Morris, 191 Ark. 88, 83 S.W.2d 842 (Sup. Ct. 1935).

* * * * * * * *
We also hold that plaintiff is not necessarily prevented from availing herself of the benefits of the waiver of premiums provision because notice, and proof of disability were not furnished during the deceased's lifetime for the reasons stated above in Swann, supra, and Minnesota Mut. Life Ins. Co., supra."
It must be noticed that the court quoted that portion of the Swann decision wherein it was stated (159 S.E., at p. 195), "We conclude that the giving of notice and proof of disability was not a condition precedent to the right to a waiver of premiums." In the Swann case it was also stated, at page 195:
"It [is] conceded that the decisions are variant as to whether, under any circumstances in a case like the present, liability can survive failure to comply with the requirement of notice. The clear weight of authority, however, seems to be in favor of the plaintiff's position."
The waiver of the premium payment in the Swann case became effective immediately when insured became disabled and was not subject to a condition precedent of satisfactory proof of disability.
In Baylor v. State, etc. Assurance Co., 113 N.J.L. 389, 395 (E. & A. 1934) where, under a similar policy provision, the insured did not furnish notice to the insurer until almost *306 22 months after the commencement of the disability, the court quoted Hampton v. Hartford Fire Insurance Co., 65 N.J.L. 265, 267 (E. & A. 1900), as holding:
"Forfeitures of this class are not favored in the law. The rule as to them in our state is settled. Our courts say: `It has become a settled rule in the construction of contracts of insurance, that policies of insurance will be liberally construed to uphold the contract; and conditions contained in them which create forfeitures will be construed most strongly against the insurer and will never be extended beyond the strict words of the policy. Carson v. Jersey City Insurance Co., 43 N.J. Law [14 Vroom] 300 [39 Am. Rep. 584]; Snyder v. Insurance Co., 59 N.J. Law [30 Vroom] 544, [59 Am. St. Rep. 625].
The court will never seek for a construction of a forfeiture clause in a policy which will sustain it if one which will defeat it is reasonably deducible from the terms or words used to express it."
Accordingly, it is determined that the defendant insurer has the burden of proving that plaintiff failed to supply notice within a reasonable time so as to invalidate her claim. Defendant therefore must prove its contentions that (1) the required notice was not given as soon as was reasonably possible  in fact, it has never been given; and (2) the insurer has not waived his right to receive such notice.
It is admitted that the issue relating to the waiver of premiums provision was raised for the first time by the Supreme Court on February 9, 1960, when it informed counsel that a reargument had been directed to include this question. This directive was satisfactory notification since it has been held many times that formalities need not be strictly adhered to as long as the insurance company has sufficient facts to put them on notice that the claim is being asserted. (29 Am. Jur., Insurance, sec. 1401.) But defendant contends that this notice, since it was over 21 months after the disability commenced, was not timely.
Justice Schettino stated that "In determining what was a reasonable time within which notice must have been given by the beneficiary-wife or someone acting in her behalf, her *307 state of mind and knowledge of the requirements of the policy as to furnishing such information should be considered." (33 N.J., at p. 50.)
There has been no showing by the defendant that Mrs. Kampf had any knowledge of the waiver of premium clause or of the requirement that she must submit notice of disability in order to receive her claim. To the contrary, the plaintiff submitted notice of death and requested the necessary forms for filing a claim for benefits shortly after the death. She has persistently demanded and litigated her right to the benefits of the policy, and not until the Supreme Court raised the question did anyone concerned realize that her rights depended upon the waiver of premium provision.
Judge Conford, speaking for our Appellate Division, recently stressed another factor to be considered in determining the question of reasonableness. In Mahon v. American Cas. Co. of Reading, 65 N.J. Super. 148 (App. Div. 1961), an action on an accident policy, the court stated, at page 182:
"This policy, however, does not in terms make compliance with the notice provision a condition of recovery or describe it as a condition precedent. Since there is no claim or showing that any prejudice to defendant resulted from such delayed notice as this record shows ensued, query whether the decision in Toub v. Home Indemnity Co. of N.Y., 116 N.J.L. 287 (Sup. Ct. 1936), is not applicable. It was there held that no forfeiture of an indemnity policy would result, absent prejudice, from assured's failure to forward suit papers to the home office, where the requirement was not expressly made a condition precedent in the policy."
And at page 183:
"[I]t is nevertheless the rule that in passing in the first instance upon the reasonableness of delayed notice by an insured, absence of prejudice is a factor which may be taken into account."
The right of the insurer to have sufficient opportunity to investigate the claim of disability so as to protect itself against fraud has not been shown to be prejudiced. There is no showing that any evidence to conclude otherwise has *308 become unavailable since the death of the insured. The fact that the evidence, at the present date, shows the insured disabled within the grace period does not give rise to any inference that a different finding would have been reached had the notice to the insurer been given at an earlier date. It is therefore held that the notice was in fact timely.
Accordingly, it is determined that the insurer received due proof of the disability of the insured required by the "Waiver of Premium" provision and therefore the plaintiff is entitled to the death benefits claimed under the policy. However, under the terms of said rider, the insurer shall deduct from such payment the amount of the premium due March 21, 1958, with interest at 5% per annum, since the disability commenced subsequent to the due date but within the allowed grace period.
Conformable judgment should be submitted.