CANARA C. WRIGHT *v.* ATLANTIC LIFE INSURANCE COMPANY

(No. 7208)

Submitted May 25, 1932.   Decided June 7, 1932.

*Charles D. Mahood, Hartley Sanders, Alexander W. Parker* and *A. B. Scott,* for plaintiff in error.
*Richardson & Kemper,* for defendant in error.

LITZ, JUDGE:

This action was brought by the beneficiary in a life insurance policy issued to Samuel G. Wright.

The time of payment of the last premium had expired before his death. The policy provides: "Subject to all the

other provisions of this agreement, if due proofs that the Insured is totally and permanently disabled as hereafter defined shall have been actually received at the Home Office, the Company shall: Waive payment of any premium falling due after the approval of said proofs, and during the continuance of such disability; * * * The time when due proofs are received at the Home Office is of the essence to determine when the benefit hereunder shall commence, and the benefit shall not be given any retroactive operation." Although the insured was in fact totally and permanently disabled (within the meaning of this provision), continuously from a date prior ·to the expiration of the period within which the premium was required to be paid to the time of his death, no notice of the fact was ever given to the insurer. Defendant filed its plea under chapter 56, article 4, Code 1931, denying liability on the ground that the policy had lapsed for non-payment of the premium. To this plea, plaintiff replied specially, relying upon the provision waiving payment of premiums in event of total and permanent disability of the insured, and averring that he was totally and permanently disabled from a date prior to the expiration of the period within which the premium was required to be paid until the time of his death, and that he failed to report the fact promptly to the insurer solely because he did not comprehended his true condition. A demurrer to this replication was sustained. Upon the trial, a verdict was directed in favor of defendant. The finding having been set aside on her motion, plaintiff was permitted to file an amended replication to the plea, averring that from a date prior to the expiration of the time within which the insured was required to pay the premium to the time of his death, he was continuously physically and mentally incapable of comprehending his physical condition, "for which reason the said decedent did not and could not furnish to the said defendant formal notice of his said disability."

Counsel for plaintiff contend that the trial court improperly sustained the demurrer to plaintiff's original replication, and, for that reason, was justified in setting aside the verdict; citing: *Swann* v. *Atlantic Life Ins. Co.*, (Va.) 159 S. E.

192; *Levan* v. *Metropolitan Life Ins. Co.*, 138 S. C. 253; *Rhyne* v. *Jefferson Standard Life Ins. Co.*, 196 N. C. 717; *Minnesota Mutual Life Ins. Co.* v. *Marshall*, 29 F. (2d) 977. The *Swann, Levan* and *Rhyne* cases, respectively, dealt with a disability which rendered the insured "incapable of furnishing proofs". The replication in question does not allege, nor does evidence tend to prove, that Wright was incapable mentally or physically of furnishing proofs, but, on the contrary, shows his ability and inclination to have done so had he appreciated his physical condition. The provisions waiving payment of premiums in the *Marshall* case were so ambiguous as to admit of the holding that "the waiver took effect at the time of the disability and did not depend upon the time when proof thereof was furnished." Those provisions are differentiated by the Supreme Court (in *Bergholm* v. *Peoria Life Ins. Co.*, 52 Supreme Court Reporter 230), from the waiver in the policy involved in that case, which follows:

"Upon receipt by the Company of satisfactory proof that the Insured is totally and permanently disabled as hereinafter defined the Company will

"1. Pay for the Insured all premiums becoming due hereon after the receipt of such proof and during the continuance of the total and permanent disability of the Insured and will also

"2. Pay to the Insured a Monthly Income for life of 1% of this Policy; The first payment of such income to be paid immediately upon receipt of such proof. * * *

"3. * * * To entitle the Insured to the above Total and Permanent Disability Benefits this policy at the time of making claim for such benefits must be in full force and all premiums becoming due prior to the time of making claim must have been duly paid. * * *."

In the opinion, written by Justice Sutherland, it is stated:

"There is evidence in the record from which it reasonably may be found that the insured was totally and permanently disabled from a time before the

premiums first became in arrears, and that this condition continued until his death; but no proof thereof was furnished to the company.

"The petitioners, nevertheless, contend that this is enough to bring into effect the promise of the company to pay the premiums which became due after the disability began. In support of this contention, *Minnesota Mut. Life Ins. Co.* v. *Marshall, supra,* is cited. The pertinent provisions of the policy there, however, differ from those found in the policy here under consideration. There the policy provided that if the insured, while the policy is in force and before default in payment of premiums, 'shall become totally and permanently disabled * * * and shall furnish satisfactory proof thereof, the Company will waive the payment of premiums thereafter becoming due,' and that 'upon the receipt of due proof of total and permanent disabilities * * * the Company will waive the payment of all premiums thereafter becoming due.' The court held that the waiver took effect at the time of the disability, and did not depend upon the time when proof thereof was furnished.

"We do not need to controvert this construction of the words quoted, or question the soundness of the view of the court that the existence of the disability before the premium became in arrears, standing alone, was enough to create the waiver. In that view, the obligation to furnish proof was no part of the condition precedent to the waiver; but such proof might be furnished within a reasonable time thereafter. Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of proof of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums becoming due after the receipt of such proof. The provision to that effect is wholly free from the ambiguity which the court thought existed in the Marshall policy. Compare *Brams* v. *New York Life Ins. Co.,* 299 Pa. 11, 14, 148 A. 855. It is true that where the terms of a policy are of doubtful meaning, that construction most favorable to the insured will be adopted. *Mutual Ins. Co.* v. *Hurni Co.,* 263 U. S. 167, 174, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R.

102; *Stipcich* v. *Insurance Co.*, 277 U. S. 311, 322, 48 S. Ct. 512, 72 L. Ed. 895. This canon of construction is both reasonable and just, since the words of the policy are chosen by the insurance company; but it furnishes no warrant for avoiding hard consequences by importing into a contract an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings."

There is no foundation in the record for the contention of counsel that the granting of a new trial can be justified upon the theory that the case has not been fully developed.

The judgment of the trial court, setting aside the verdict, will be reversed and judgment entered here on the verdict.

*Reversed; entered.*