AVERY v. NEW YORK LIFE INS. CO.

No. 6961.

Circuit Court of Appeals, Fifth Circuit.

Nov. 4, 1933.

Winfield P. Jones, of Atlanta, Ga., for appellant.

Grover Middlebrooks, of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from a judgment dismissing on demurrer an action on a policy of life and disability insurance. The policy provides that upon receipt by the insurance company of proof of the total disability of the insured, "and that such disability has already continued uninterruptedly for a period of at least four months," and began before default in the payment of premium, "the company will waive the payment of each premium falling due after the commencement of such total disability and during its continuance." The policy became effective December 16, 1931. The petition alleges the payment of the first quarterly premium, and that the insured became totally disabled on March 14, 1932, and so continued until he died on May 25, 1932. The premium due on March 16th was not paid. Appellant claims payment was waived by a provision of the policy above quoted.

If receipt of proof of disability is made a condition precedent to the waiver of premiums, the insurer is not liable, since it is conceded that no such proof was alleged. Bergholm v. Peoria Life Ins. Co., 284 U. S. 489,

52 S. Ct. 230, 76 L. Ed. 416. On the other hand, if the existence of total disability without proof fixed liability, then the petition makes out a case. In our opinion the plain provisions of the policy make receipt of proof of disability a condition precedent to the waiver of the payment of premiums. It was not every disability that obligated the company to waive premiums, but only such disability as began before default in the payment of premiums and had continued at least four months at the time proof was made. Although it is alleged disability began before default, it is shown by the petition that it had continued for a period much less than four months. The provision requiring proof of disability is substantially the same as that under consideration in the Bergholm Case, supra, where it was held that the insurance company was not liable. Upon the authority of that case the judgment herein is affirmed.