## Leah Himelbloom, Appellant, v. Metropolitan Life Insurance Company, Appellee.

### Filed December 7, 1934.   No. 29038.

*Leon & White,* for appellant.

*Harley G. Moorhead* and *LeRoy A. Lincoln, contra.*

Heard before Goss, C. J., Rose, Good, Eberly, Day and Paine, JJ., and Lovel S. Hastings, District Judge.

Rose, J.

This is an action on a 3,000-dollar policy of life insurance issued May 7, 1932. Ben Himelbloom was the insured and his minor son, Yale Himelbloom, was the beneficiary. Insured died February 13, 1933. Leah Himelbloom, guardian of the beneficiary, is plaintiff. Metropolitan Life Insurance Company, insurer, is defendant. The district court sustained a demurrer to the petition and, upon failure of plaintiff to plead further, the action was dismissed. Plaintiff appealed.

The sufficiency of the petition to state a cause of action for insurance is the question presented by the appeal. A copy of the insurance contract is part of the petition and requires consideration in determining the issue. The insurance risk was in the form of a 20-year endowment

policy to which was attached a waiver of premiums in the event of insured's total and permanent disability as defined in the instruments executed. The policy required payment of half the annual premium, or $80.67, on the seventh day of November and of May each year for 20 years or until the prior death of insured. Half the first annual premium was paid and kept the insurance in force until November 7, 1932, with 31 days of grace. The premium payable November 7, 1932, was never paid. The following provisions under the heading, "Total and Permanent Disability—Waiver of Premiums," were parts of the insurance contract:

"Metropolitan Life Insurance Company,
In consideration of the application for this contract, as contained in the application for said policy, the latter being the basis for the issuance hereof, and in consideration of four dollars and forty-four cents, payable ½ annual as an additional premium herefor, such payment being simultaneous with, and under the same conditions as, the regular premium under the said policy, except as hereinafter provided,

"Hereby agrees that, upon receipt by the company at its home office in the city of New York of due proof— in writing—that the insured has become totally and permanently disabled as herein defined, and under the conditions and provisions herein stipulated,

"It will waive the payment of each premium becoming due under said policy and this supplementary contract, during the continuance of such disability beginning with the premium the due date of which next succeeds the date of commencement of such disability, provided, however, that no premium shall be waived, the due date of which is more than one year prior to the date of receipt at the home office of the company in the city of New York of written notice of claim hereunder.

"In case any premium on said policy and this supplementary contract is in default before receipt at the home office of the company in the city of New York of

written notice of claim hereunder, waiver of premium hereunder shall be made only if such notice is so received within one year of the due date of the first premium in default, and either, (a) the total disability for which claim is made commenced prior to the due date of such first premium in default, or, (b) the total disability for which claim is made commenced subsequent to the due date of such first premium in default but within the grace period allowed by said policy for payment of such premium, in which case however the insured shall be liable to the company for such premium in default with interest at 6 per cent. per annum compounded annually which amount may be deducted from any amount payable under said policy.

"Total and Permanent Disability Defined—Total and permanent disability is disability resulting from bodily injury or disease which disability wholly prevents the insured from engaging in any and every business or occupation and from performing any work for compensation or profit and which disability has continued uninterruptedly for a period of at least six months (such disability of such duration being deemed to be permanent only for the purpose of determining the commencement of liability hereunder)."

The petition contains pleas that the policy and the waiver of premiums were executed and delivered; that the premium of $80.67 and the additional consideration of $4.44 for waiver of premiums were paid; that the policy was in force November 1, 1932; that insured, by infection of his gall bladder and by abscesses of his liver became totally and permanently disabled November 1, 1932, and remained in that condition until February 13, 1933, when he died; that premiums after November 1, 1932, were waived; that plaintiff performed all obligations which the contract imposed upon him; that the insurance was in full force from the date of the policy until the death of insured. The beneficiary stated his position as follows:

"The insured was totally and permanently disabled within the meaning of the policy, and a construction of the policy consistent with reason warrants the finding that the policy was in force at the time of the insured's death. This case presents one proposition—Was the insured relieved from the payment of the premium which became due after November 1, 1932, and at a time when the insured was totally and permanently disabled?"

On this proposition it was argued at length that the insurance contract provides for the waiver of premiums in the event of total and permanent disability and thereafter attempts, inconsistently, by definition, to make the waiver inoperative unless the disability continues uninterruptedly for a period of six months; that the limiting definition is not exclusive; that the death of insured, had it occurred during the period of grace, without payment of the premium due November 7, 1932, would have established beyond question the right of recovery on the policy; that the disability was no less total and permanent because insured did not linger for the entire period of six months; that the supplemental agreement for the waiver of premiums in consideration of $4.44, in view of the entire insurance contract and the alleged total and permanent disability beginning November 1, 1932, while the policy was in force, and continuing until the death of insured February 13, 1933, waived the premium payable November 7, 1932.

On the other hand, insurer's advocate stated at the bar that there was no waiver of premiums unless total and permanent disability of insured continued for six months. Why that plain, simple and direct language was not inserted in the contract instead of the lengthy, involved provisions hereinbefore quoted from the written instruments in controversy is not explained.

Waiver of premiums and the terms of the waiver were lawful subjects of contract. The right of competent persons to enter into lawful contracts is fundamental. Parties to contracts may express their agree-

ments in their own language unless specific forms are prescribed by law. It is not the province of courts to make contracts for parties or to extend by interpretation written language therein beyond its proper import. The rule to construe ambiguous or inconsistent terms of an insurance policy in favor of insured, because insurer selected the language used, does not justify the imposing of insurance risks not assumed. In the present instance fraud is not alleged. There is nothing to show that the writings are at variance with the agreements actually made. Reformation of the policy is not sought. The action is based on the insurance contract as executed. The claim of plaintiff is a demand for insurance under the terms of the policy. Liability was limited by the insurance contract to the period for which the premium was paid. Plaintiff has no right to a recovery unless the premium payable November 7, 1932, was waived; insured's death having occurred after the period of grace expired. The insurance contract shows on its face that it does not anywhere contain an unconditional promise to waive any premiums in the event of total and permanent disability. The waiver and the consideration therefor are limited by such conditions, phrases and clauses as "Except as hereinafter provided;" "Under the conditions and provisions herein stipulated;" "Provided, however, that no premium shall be waived." The promise is followed by a definition that what is meant is a total and permanent disability which continues for six months. The limitations and conditions as well as the promise of a waiver are parts of the contract and their true import cannot be disregarded. While insured was in fact totally and permanently disabled November 1, 1932, and remained in that condition until his death, February 13, 1933, he did not so remain for six months within the meaning of the policy. There does not seem to be such an ambiguity or inconsistency in the insurance contract as to require a construction binding insurer by a waiver of premium.

AFFIRMED.