HERMAN WINKELMANN, ETC., RESPONDENT, v. CENTRAL STATES LIFE INSURANCE COMPANY, APPELLANT.—101 S. W. (2d) 736.

Kansas City Court of Appeals.  December 7, 1936.

*Walter Burch* and *H. P. Lauf* for respondent.

*Jones, Hocker, Gladney & Jones* and *Lon Hocker, Jr.,* for appellant.

SPERRY, C.—Plaintiff sued on behalf of himself and his deceased wife, who were beneficiaries in a life insurance policy, in the principal sum of $1000, issued by defendant's predecessor on the life of Edmund F. Winkelmann, son of plaintiff. From a judgment for $972.13 on the policy, $83.10 interest, and $350 attorney fees for vexatious delay, a total of $1405.23, this appeal is duly prosecuted.

The facts in evidence were that the policy was issued May 8, 1931, and premiums were to be paid on or before May 8th of each year, or within a period of thirty-one days of grace thereafter. Plaintiff and his wife, Johanna, were named as beneficiaries but the latter had died and plaintiff was executor of her estate at the time suit was instituted. The first two annual premiums were paid but the premium falling due May 8, 1933, was never paid, although tender of payment was made on June 27, 1933, after the grace period had expired. Defendant refused to accept it without first passing upon the insurability of insured, and, upon investigation, it refused to reinstate him because of his physical condition.

The policy contained the following clause:

". . . If any premium or installment thereof is not paid when due, this policy shall be *ipso facto* null and void and all premiums forfeited to the Company, except as herein otherwise provided."

The policy also had attached to it the following, which was introduced as plaintiff's exhibit B:

"Waiver of Premium—Disability Benefit.

"Supplemental contract attached to and forming a part of Policy No. 35316-N on the life of Edmund F. Winkelmann—issued by the

"American National Assurance Company.

"In consideration of the representations, statements and agreements made in the application for said policy above referred to, which is hereby made a part of this supplemental contract, and in consideration of the payment, on or before the delivery of this supplemental contract, of the premium of $ .34, and of the payment thereafter of a like amount with each . . . annual premium required by said policy above referred to until the anniversary nearest the sixtieth (60) birthday of the Insured, the

"American National Assurance Company

will, upon satisfactory proof that, before attaining the age of sixty (60) years, and while said policy and this supplemental contract are in full force, the Insured has become totally disabled from bodily injury or disease, except as hereinafter provided, so that he is and thereby will be permanently and continuously unable to engage in any occupation or to perform any work for remuneration or profit, and that such disability has existed continuously for not less than one year (such disability of such duration being deemed permanent only for the purpose of determining the commencement of disability hereunder), waive the payment of premiums under said policy and under this supplemental contract falling due after the commencement and during the continuance of such permanent total disability, provided, however, that no premium which fell due more than six months immediately preceding receipt at the home office of the Company of written notice of claim shall be waived. If such total and permanent disability began after the due date of any premium or installment thereof in default, but not later than the last day of grace provided for by the policy for the payment of said premium or any installment thereof and has existed continuously for not less than one year immediately preceding the receipt of notice of claim, the Company will allow the benefits provided for herein the same as if such default had not occurred but the Insured shall be liable for the premium or installment thereof in default, with interest thereon at the rate of six per cent (6 per cent) per annum until paid."

"General Provisions.

"The Amount of said policy will not be reduced by any premiums waived hereunder. . . .

"Should the Company accept proof of total and permanent disability hereunder, it may, nevertheless, at any time thereafter, and as often as it may desire, but not oftener than once a year after such disability has continued for two full years following the receipt of notice of claim hereunder, demand of the Insured due proof of the continuance of such disability and shall be allowed to make a physical examination of the Insured, with respect to such disability, by a physician or physicians, or other persons designated by it. If the Insured hereunder shall fail to furnish proof of such disability, or if it be established that the Insured has engaged, or has become able to engage, in any occupation or work for remuneration or profit, or if the Insured shall refuse to submit to the examination or examinations herein provided for, then the Insured shall be deemed to have recovered from such state of disability.

"Written notice of claim hereunder must be presented to and received at the home office of the Company (a) during the lifetime of the Insured and (b) during the continuance of total disability, otherwise the claim shall be invalid; provided, however, that failure to

give such notice within such times shall not invalidate such claim if it shall be shown that it was not reasonably possible to give such notice within such times, and that such notice was given as soon as was reasonably possible.

"No change, modification or waiver of the terms and conditions of this supplemental contract shall be valid unless endorsed hereon and signed by an executive officer of the Company."

"Discontinuance.

"This supplemental contract may be cancelled by the Insured at any time upon written notice to the Company and the return of this supplemental contract.

"If the Insured is a woman, this supplemental contract shall automatically terminate and become null and void in the event of her marriage and any unearned premium hereon will be returned to the Insured.

"This supplemental contract will also automatically terminate (a) upon the anniversary of the policy, herein referred to, nearest the sixtieth (60) birthday, of the Insured (except that if the Insured is totally disabled as hereinabove provided upon the anniversary nearest the sixtieth (60) birthday, the benefit herein provided shall continue in force subject to the terms and conditions of this contract), or (b) *when any premium on said policy or on this supplemental contract shall not be paid when due, or within thirty-one (31) days thereafter, unless the Insured becomes totally disabled prior to the expiration of such such grace period* (Italics ours), or (c) when any premium on said policy becomes a charge against the loan value thereof under the Automatic Premium Loan benefit of said policy, or (d) if said policy be surrendered or is continued in force as a paid-up term or paid-up life insurance under its non-forfeiture provisions, or shall otherwise terminate.

"No further premiums shall be payable under this supplemental contract upon its cancellation or termination."

The evidence further disclosed that insured had been in ill health for some weeks prior to May 16, 1933, and upon that date entered a hospital where he was operated on for appendicitis and his gall bladder was drained. He was discharged June 16, 1933. While he was in the hospital and totally disabled from these causes, the beginning of manic-depressive insanity was noted. From this latter disease, he never recovered and from it, with other contributory causes, he died on November 18, 1933.

No claim or proof of total disability was ever made during insured's lifetime and the first notice defendant had of any claim under the policy was by letter written by plaintiff, dated December 11, 1933. Plaintiff did not know of the existence of the policy until after death of insured. Suit was filed January 5, 1935.

Defendant contends that it is not liable on the policy because an unpaid premium fell due before the commencement date of any claimed total and permanent disability and remained in arrears until after expiration of the grace period, that such claimed total and permanent disability did not continue for a year before death of deceased; That the waiver of premium mentioned in plaintiff's exhibit B never took effect and could not take effect until such total disability had continued for one year, and since insured died within six months of the commencement of total permanent disability the contingency upon which actual cash payment of premiums when due, would be waived, never arose.

Plaintiff claims that since the disability began during the grace period of thirty-one days after the due-date of premium and that insured died without ever having recovered therefrom, the disability was bound to have been permanent without the necessity of waiting one year in order to furnish presumptive proof thereof; that the nature of insured's disability rendered him incapable of transacting business, making contracts, or knowing the effect of his failure to pay premiums and the waiver was for the purpose of preventing lapse of policy caused by illness and consequent inability to pay said premium; that the premium was not waived but that in a case of this kind it will be deducted from the amount of the policy if it is not paid for the first year of disability, and that succeeding premiums falling due during continued disability will be wholly waived. He claims that the third subdivision of the supplemental contract, the part thereof italicised, covers the contingency that has arisen in this case and gives protection to that class of policy holders who become totally and permanently disabled during the period of grace and whose disability is ended by death prior to the expiration of a year as mentioned in the first subdivision thereof.

It is conceded that, under the general forfeiture clauses of the main policy, this policy lapsed for nonpayment of the premium due May 8, 1933, since no tender thereof was ever made until long after the grace period had expired. It remains to determine whether or not the policy was kept in force by the terms of the supplemental contract. [Bergholm v. Peoria Life Ins. Co., 52 Sup. Ct. Rep. 230; Smith v. Sov. Camp of W. of the W., 179 Mo. 119, l. c. 134.]

In construing the contract, it must be borne in mind that if there is any ambiguity or contradiction therein, thus giving us any right to exercise an authority to construe, such construction must be adopted as is most favorable to insured, because the words chosen are those selected by insurer. [Roseberry v. American Benevolent Assn., 142 Mo. App. 552, l. c. 560; Landrigan v. Missouri State Life Ins. Co., 234 S. W. (Mo.) 1042, l. c. 1047.]

This is a suit on a life insurance policy; not a sick and accident

policy. There is an essential difference recognized in the law between the two classes of cases, for, in the latter, the failure to pay a premium, or to give a notice, may be occasioned by the happening of the very thing insured against. [Roseberry v. Amer. Benevolent Assn., *supra*; 15 A. L. R. 325, notes; New England Mut. Life Ins. Co. v. Reynolds, 59 A. L. R. 1075, l. c. 1079, also annotation.]

For the purpose of discussing the supplemental contract, we will refer to it as in three subdivisions: first, "Waiver of Premiums—Disability Benefits;" second, "General Provisions;" third, "Discontinuance."

We construe the provisions of the first subdivision as requiring the insured to be permanently and totally disabled upon due-date of the premium or at some time during the thirty-one days of grace before any waiver or concession can be claimed. That is a condition precedent. Next, we hold that such permanent, total disability must continue for one year before insured can claim *any* waiver. That is its plain intent and meaning and in such case there can be no room for a different construction. While we do not have the benefit of any Missouri citations, we have considered similar contracts as construed by courts of other jurisdictions. [See Himelbloom v. Metropolitan Life Insurance Company, 128 Neb. 52, l. c. 56; Avery v. N. Y. Life Ins. Co., 67 Fed. (2d) 442, l. c. 443; Missouri State Life Ins. Co. v. Nidiffer, 79 S. W. (2d), (Tenn.) 1024; W. & S. Life Ins. Co. v. Smith, 41 Ohio App. Rep. 197, l. c. 202; N. Y. Life Ins. Co. v. Quinn, 157 Southern (Miss.), 902, l. c. 903; N. Y. Life Ins. Co. v. Alexander, 15 A. L. R. 314, 122 Miss. 813.]

In the Himelbloom case, *supra*, the facts were very similar to the facts here. The policy was in force November 1, 1932, and the next premium due thereunder was due on November 7, 1932, with thirty-one days of grace. This premium was never paid. On November 1st, insured became totally and permanently disabled and so remained until his death three months thereafter. The policy had a supplemental contract attached, similar to the one here involved, defining total permanent disability as total disability continuing for a period of six months. The court said, on page 56:

"Liability was limited by the insurance contract to the period for which the premium was paid. Plaintiff has no right to a recovery unless the premium payable November 7, 1932, was waived; insured's death having occurred after the period of grace expired. The insurance contract shows on its face that it does not anywhere contain an unconditional promise to waive any premiums in the event of total and permanent disability. The waiver and the consideration therefor are limited by such conditions, phrases and clauses as 'Except as hereinafter provided;' 'Under the conditions and provisions herein stipulated;' 'Provided, however, that no premium shall be waived.'

The promise is followed by a definition that what is meant is a total and permanent disability which continues for six months. The limitations and conditions as well as the promise of a waiver are parts of the contract and their true import cannot be disregarded. While insured was in fact totally and permanently disabled November 1, 1932, and remained in that condition until his death, February 13, 1933, he did not so remain for six months within the meaning of the policy. There does not seem to be such an ambiguity or inconsistency in the insurance contract as to require a construction binding insurer by a waiver of premium.''

Plaintiff himself adopts the view that he cannot have relief under the provisions of subdivision one, but claims that such rights of waiver as are granted do not cover all classes of possible claimants; that it leaves unprotected some policyholders who might become totally and permanently disabled when it would be impossible to file proof thereof within the times prescribed therein, although such disability arose at a time when the premium was fully paid and continued for a full year thereafter; and also leaves unprotected those policyholders situated as was insured in this case, who died before the expiration of one year of continued total disability. Therefore plaintiff seeks to call into play paragraph (b) of subdivision three, on the theory that its office is to cover such contingencies as are here presented and such others as might arise in suggested hypothetical cases.

The whole purpose of the supplemental contract was to sell to insured a right and to fix the terms upon which the right was to be acquired. This was all done in subdivision one, which contains the sole granting clauses. By its terms, no right of waiver could ever vest except under the happening of the conditions precedent therein stated.

Subdivision two merely lays down rules governing the relation of the parties after the rights mentioned in subdivision one had vested. They are in the nature of conditions subsequent and would be subject to rules of construction governing in such cases (Roseberry v. Amer. Benev. Assn., *supra*); but this subdivision is not before us for construction.

Subdivision three does not seek to grant or sell anything. It conveys nothing. No additional rights are granted. It, like its predecessor is in the nature of a limitation of what has been granted and seeks only to establish the conditions upon the happening of which any rights theretofore conveyed shall cease. Since we have held in this case that no right of waiver, either of the premium or of the time or manner of payment thereof, had ever vested in insured, it naturally follows that no such right could be continued, extended or enlarged. Paragraph (b) thereof was obviously intended to fix a condition for termination of the contract of waiver and the exception mentioned

508

therein was intended to protect insured, during the period of uncertainty when a total disability had arisen and the expiration of the year when its permanency would be presumed. During that period he would be protected.

There are many hypothetical cases that might be suggested where the facts *might* be different from those in this case. We are not dealing with a hypothetical case, and the facts in this case, when applied under the contract, preclude recovery unless this court refuses to follow the weight of authority as established by the federal and state courts that have passed on similar contracts. Neither logic nor precedent will permit of such a course. It may be said by way of answer to plaintiff's suggested hypothetical cases that the sure way to keep the policy in full force is to pay the premiums during the first year of disability, especially if the disability occurred before due-date of the premium, for it is only provided that the waiver, either as to payment or as to manner of payment, for the first year, shall become effective only after such disability has continued for one whole year from its date. In no event would the policy remain in force after such a lapse if insured should recover before the year expired. The judgment is reversed. *Campbell, C.*, not sitting.

PER CURIAM:—The foregoing opinion of Sperry, C., is adopted as the opinion of the court. The judgment is reversed. All concur.