## Commonwealth Life Ins. Co. v. Francis.

May 12, 1939.

344

BACH & NOBLE and GRADY CARY for appellant.

HENRY L. SPENCE and A. H. PATTON for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The appellant, Commonwealth Life Insurance Company, insured the life of Hallie B. Francis in the sum of $1,000 by policy dated August 30, 1935, the appellee, Laura Francis, being the beneficiary in the policy. The policy provided for the payment of an annual premium of $32.89 and that if any premium was not paid when due the policy should be null and void.

By a rider attached to the policy the company agreed in substance (so far as material to this case) that upon receipt of due proof that the insured has become totally and permanently disabled and that such disability has already continued uninterruptedly for a period of at least four months, the company, during the continuance of such disability, will waive the payment of premiums provided the total and permanent disability for which claim is made commenced subsequent to the due date of such first premium in default, but within the grace period allowed for payment of such premium.

It was alleged in the petition and proven that:

"Hallie B. Francis became suddenly ill, bedfast and totally and permanently disabled from engaging in any and every business and occupation and performing any work of any kind for compensation on or about the 9th day of September, 1936, (after due date of premium but within the grace period) and was afflicted from said date until she died October 8, 1937, and was bedfast and helpless during said entire period of time and that she was unable to write or give notice of her sickness or helpless condition at any time after said illness began."

The second annual premium was due August 30, 1936, and the 30-day grace period expired September 30, 1936. On October 2, 1936, Hazel Francis Holbrook, a sister of insured,. signed the insured's name to a check for $32 intended as a payment of the second annual premium and this check was received by the company October 5. The company refused to accept the check, but held it, and wrote to the insured to that effect on October 6, requesting the insured to send in an application for reinstatement. The insured died on October 8, and the company, on receiving notice of her death, returned the check and denied liability under the policy.

By agreement of the parties, the action was tried before the court as an equity action and judgment was rendered in favor of appellee for $1,047 and this appeal follows.

The appellant contends that the allegations of the petition and the proof were not sufficient to sustain the judgment because of the failure of plaintiff to allege and prove that the insured was totally and permanently disabled for a period of four months, while the appellee contends that it is a reasonable construction of the language of the rider that if the insured was totally disabled while the policy was in force and died by reason of the disease from which she was disabled, the appellant is liable on the policy. No claim is made by appellee that appellant accepted payment of the premium due August 30 and it is conceded that the policy had lapsed on October 8, the date of insured's death, unless there was a waiver of that premium.

It is insisted for appellant that since it is only alleged and proven that the insured's illness continued for one month prior to her death, there is a failure of alle-

gation and proof that her total and permanent disability continued for a period of four months. We are of the opinion, however, that there is a fundamental error in appellant's position in that it assumes that the date of death is the period from which the four months' disability must be measured. The event from which the four months' period of disability is to be measured is not the date of the insured's ·death but the date of receipt of proof that the insured had become totally and permanently disabled.

There can be no doubt that had the insured, after the beginning of her illness on September 9, remained bedfast for a period of four months and then died, the company would be liable on the policy. The obvious purpose of the waiver provision is to waive payment of a premium which the insured and the company contemplate the insured will likely be unable to pay on account of sickness or other disability. Exactly that situation existed here, where the insured was in bed a month, rendering likely her inability to pay during that time, followed by death, making absolute and certain her inability for the remainder of the four months' period. To give to the policy the construction that the situation presented in this case did not operate as a waiver of the premium due August 30, 1936, would result in defeating the very purpose and object of the waiver provision and the purpose which the contracting parties evidently had in mind.

The sum and substance of appellant's position is that, although the insured was totally and permanently disabled for one month, such disability being followed by death due to the causes producing the disability, nevertheless, that when the insured had been dead three months there was not, at the expiration of such three months, a total and permanent disability of the insured for a period of four months. In short, its contention is that death is not a total and permanent disability within the meaning of the policy. We are unable to agree with this contention. It appears to us plain that the policy intended to cover a situation of this kind and that, within the meaning of the policy, there was a total and permanent disability existing continuously and uninterruptedly for a period of four months. Death is the most total and permanent of all disabilities preventing the insured from engaging in any business or occupation. The obvious purpose of the language of the policy

that such disability must have continued for a period of at least fourth months is that the company might determine and establish definitely that the disability was permanent and total. This construction is justified by the parenthetical language contained in the rider, "such disability of such duration being deemed to be permanent only for the purpose of determining the commencement of liability hereunder."

We are firmly convinced that the insured's illness rendering her bedfast for a period of a month followed by her death was, within the meaning of the policy, a total and permanent disability continuing uninterruptedly for a period of at least four months. Even if we were in doubt as to the meaning of the contract, the doubt must be resolved in favor of the insured under the rule that the policy must be liberally construed in favor of the insured. Hagman v. Equitable Life Assurance Society of United States, 214 Ky. 56, 282 S. W. 1112.

The identical question in this case was involved in Himelbloom v. Metropolitan Life Insurance Company, 128 Neb. 52, 257 N. W. 525, except that the disability period was six months, and that court reached a conclusion different from the one reached by us. However, we are not impressed with the reasoning advanced in that case, and it seems that the opinion is based on the erroneous assumption that the total disability must have existed six months prior to the insured's death rather than six months prior to the furnishing of proof of disability.

Instead of rendering judgment for $1,000, the amount payable on proof of death of the insured, the trial court rendered judgment for $1,047, the amount payable as an endowment after the payment of 26 full annual premiums. The trial court also overlooked the fact that it was provided that where the total disability for which claim is made commenced subsequent to the due date of the first premium in default but within the grace period allowed for the payment of the premium (which happened here), the insured should be liable to the company for such premium with interest at 6 per cent per annum, to be deducted from any amount payable under the policy. Therefore, this premium of $32.89 with interest from August 30, 1936, should have been deducted from the $1,000 which was the face of the policy.

As the action was, by agreement of the parties, treated and tried as an equitable action, the judgment is reversed with directions to enter a judgment in conformity with this opinion.