**Annie S. MARTIN, Plaintiff-Appellant,**

v.

**NEW YORK LIFE INSURANCE COMPANY, Defendant-Appellee.**

**No. 79–1933.**

United States Court of Appeals, Fifth Circuit.

July 9, 1980.

Joel E. Dillard, Birmingham, Ala., for plaintiff-appellant.

Rushton, Stakely, Johnston & Garrett, William B. Moore, Jr., Montgomery, Ala., for defendant-appellee.

Before KRAVITCH, HENDERSON and REAVLEY, Circuit Judges.

PER CURIAM:

The decision appealed from is AFFIRMED on the basis of the Memorandum Decision by the Honorable Frank M. Johnson, Jr., Judge, United States District Court for the Middle District of Alabama, filed on March 9, 1979, and attached hereto as an Appendix.

AFFIRMED.

## APPENDIX

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| ANNE S. MARTIN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 78–476–N |
| NEW YORK LIFE INSURANCE COMPANY, a corporation, | ) |
| Defendant. | ) |

### MEMORANDUM

Plaintiff brings this action against New York Life Insurance Company to compel payment on a life insurance policy. The insured, Silas B. Martin, contracted with defendant in August, 1967, to pay to his wife, plaintiff in this case, the sum of $25,000 upon his death. The undisputed facts are that Silas B. Martin died on October 12, 1975, the premium due on August 22, 1975 not having been paid. Plaintiff contends that this premium was waived pursuant to the terms of the policy by virtue of the total and permanent disability of Silas B. Martin in August, 1975. Defendant contends that Martin did not meet the prerequisites for waiver of premium. The case is now submitted for consideration of defendant's motion for summary judgment.

Defendant offers three arguments in support of its motion: (1) that chronic alcoholism, from which Martin died, is not a "disease" within the meaning of the policy, (2) that notice of Martin's claim was not given in accordance with the requirements of the policy, and (3) that Martin was not continuously disabled for six months, as required by the policy in order for him to be eligible for a waiver of premiums. The first two arguments raise questions of disputed fact and provide no basis for summary judgment. Defendant's third argument, however, entitles it to summary judgment as a matter of law.

■ The policy defines disability in terms of "bodily injury or disease." Whether chronic alcoholism is a "disease" cannot be resolved against the plaintiff as a matter of law, as it often was a generation ago. There is now a substantial body of opinion, recognized by the courts, that alcoholism is properly deemed a disease in certain cases. See Driver v. Hinnant, 356 F.2d 761 (4th Cir. 1966). Whether Silas B. Martin was an alcoholic and, if he was, whether his alcoholism constituted a disease are questions of fact for a jury.

■ The "Notice of Claim" provision of the policy requires that proof of total disability be given during the lifetime of the insured and not later than one year after the due date of any premium in default. Neither Martin nor plaintiff complied with either requirement. But this failure does not entitle defendant to summary judgment. The same notice provision states that failure to give the required notice "will not invalidate or diminish the claim if it is shown not to have been reasonably possible to give such notice and proof, and that each was given as soon as was reasonably possible." Whether plaintiff's delay in registering her claim was reasonable is a matter of disputed fact and cannot entitle defendant to summary judgment.

Defendant's third argument rests on the "waiver of premium" rider to the policy, which states that defendant will waive the payment of each premium falling due after the total disability begins "[i]f the Insured is totally disabled . . . and has been continuously so disabled for at least six months." It is not disputed that Silas B. Martin had been totally disabled for less than four months at the time of his death. Because he was not totally disabled for the full period of six months, defendant argues that he was not entitled to a waiver of premiums. Therefore, failure to pay the premium due in August, 1975, resulted in a forfeiture of the policy and bars plaintiff's recovery here. This case is controlled by the holding of the Fifth Circuit in *Avery v. New York Life Insurance Co.*, 67 F.2d 442 (1933). In that case, the insurance policy provided for waiver of premiums upon proof of total disability "and that such disability has already continued uninterruptedly for a period of at least four months." The facts were that the insured became totally disabled on March 14, 1932, that he died on May 25, 1932, and that he failed to pay the premium due on March 16, 1932. The court held:

> It was not every disability that obligated the company to waive premiums, but only such disability as began before default in the payment of premiums and had continued at least four months at the time proof was made. . . . [I]t is shown by the petition that [the disability] had continued for a period much less than four months.

67 F.2d, at 443. Likewise here, Martin's disability did not continue for the requisite period.

For clarity, a distinction must be made. There are two classes of disability clauses: "One, those in which benefits are conditioned upon the furnishing of proof and are to commence from the time that proofs are furnished; and, two, those in which benefits are conditioned upon the furnishing of proof, but which provide that the benefits are to commence from the date that the disability occurs." *Mutual Life Ins. Co. of New York v. Drummond*, 111 F.2d 282, 285

(8th Cir. 1940). Martin's policy is of the second kind. The first clause of the "waiver of premium" rider provides that defendant will waive the payment of premiums "after such disability began and during its uninterrupted continuance." Were Martin's policy of the first kind, it would follow that "proof after disability has terminated by death would be too late . . . because the disability then no longer exists." *Love v. Northwestern Nat. Life Ins. Co.*, 119 F.2d 251, 252 (5th Cir. 1941). Because Martin's policy permits the retroactive waiver of premium payments, death does not of necessity bar a claim for waiver where proof of disability is made after the insured's death. In holding that the premium due in August, 1975, was not waived, the Court is saying not that Martin's death prevented plaintiff from furnishing proof of his total disability but that the proof furnished was necessarily insufficient because he had only been totally disabled for four months when he died. Plaintiff's problem, in other words, is not the timing of her proof but its content. The proof does not and cannot establish that Martin was continuously disabled for at least six months.

In rebuttal, plaintiff cites three cases. *Commonwealth Life Ins. Co. v. Francis*, 278 Ky. 343, 128 S.W.2d 742 (1939); *Simpson v. Jefferson Standard Life Ins. Co.*, 465 F.2d 1320 (6th Cir. 1972); *Minnesota Mutual Life Ins. Co. v. Marshall*, 29 F.2d 977 (8th Cir. 1928). In *Francis*, the policy required that the insured be continuously disabled for four months before the company would waive premiums. The insured died one month after becoming disabled. The court held that the calculation of how long the insured had been continuously disabled should run, not from the date of death backward, but from the date of receipt of proof of disability. The court then counted each month after the insured's death as one in which the insured was totally disabled. This ingenious argument leads to the anomalous result, however, that a claim made at the time of the insured's death is barred whereas a claim made several months later is valid. Needless to say, the court's inter-

pretation does violence to the plain meaning of the policy's language. *Simpson* also fails to support plaintiff's theory. The policy there referred to six months of continuous disability, not as a condition for waiver but as a presumption going to the permanence of the disability. The policy at issue in *Marshall* involved no condition or presumption of any kind concerning a period of uninterrupted disability.

The terms of the insurance policy thus dictate that summary judgment be entered for defendant. An order will be entered accordingly.

Done, this the 9th day of March, 1979.

/s/ Frank M. Johnson, Jr.
United States District Judge