JEAN D. KAMPF, PLAINTIFF-RESPONDENT, v. THE FRANKLIN LIFE INSURANCE COMPANY, SPRINGFIELD, ILLINOIS, A CORPORATION OF THE STATE OF ILLINOIS, DEFENDANT-APPELLANT.

Argued May 27, 1962—Decided June 29, 1962.

594

Mr. *Nicholas Conover English* argued the cause for defendant-appellant (*Messrs. McCarter & English,* attorneys).

Mr. *Clive S. Cummis* argued the cause for plaintiff-respondent (*Mr. Max Klayman,* attorney).

PER CURIAM. This is the second appeal involving the claim by a beneficiary of a certain 20-year term life insurance policy. On a prior appeal, 33 *N. J.* 36 (1960), we remanded this cause for trial of the question whether the payment of the overdue premium was waived under the "TOTAL DISABILITY BENEFIT-WAIVER OF PREMIUMS" provision of the policy. The specific issues were (1) whether during the grace period, the deceased suffered total disability which continued until his death a day after the expiration of the grace period and (2) whether notice of disability was given to the insurer.

The Superior Court, Chancery Division's opinion following the remand is reported in 69 *N. J. Super.* 299 (*Ch. Div.* 1961). We certified the appeal on our own motion while it was pending in the Appellate Division.

As to the first question the trial court was justified in holding that the evidence clearly established a total disability beginning within the grace period and continuing until the insured's death.

As to the second issue—notice to the insurer—we assumed on the prior appeal that the beneficiary had an

obligation in that regard. Upon further reflection, we think the notice provision relates only to the insured. It is the insured who was obligated by the contract to pay the premiums and the waiver provisions refer only to him.

■ Written notice is expressly required "(a) during the lifetime of the Insured and (b) during the continuance of total disability." Notice was not given within those times, but the provision continues that "Failure to give such notice within such times shall not invalidate any such claim if it shall be shown that it was not reasonably possible to give such notice within such times and that such notice was given as soon as was reasonably possible." It was not reasonably possible for the insured to give notice during his brief period of disabling and fatal illness, and in any event he could not be charged with knowledge that he would succumb within a matter of days. And obviously enough, the provision must be read to excuse notice by the insured when death occurs before he could fairly be said to have defaulted in his obligation to give notice.

■ As we have said, the policy nowhere suggests the beneficiary must give notice if the insured is excused therefrom. And that requirement should not be implied. Beneficiaries may be wholly unaware of the terms of a contract made by the insured. Moreover, notice of death and proof of loss would fairly suffice to meet the needs of the insurer. If a claim is made for the policy proceeds, the insurer knows it must pay (1) if the premiums were paid or (2) if payment of premiums were waived. It is not too much to require the company to make inquiry with respect to waiver if it appears that the premium was not paid. At any rate, we cannot find any notice requirement applicable to the beneficiary.

The case was tried upon the assumption we had held in the earlier appeal, that the beneficiary had a duty to notify. Upon that approach, the trial court found for plaintiff and we think correctly so.

■ The agent for the defendant insurer promptly filed notice of death with his company thereby notifying it that (1) the insured died *one day* after the expiration of the grace period and (2) the insured succumbed from pneumonia which, at least usually, does not lead to a sudden death. Thus, the defendant knew within a few days that the insured died of illness which as a high probability had disabled the insured within the grace period. The insurer could hardly ask for more to alert it to its obligation under the waiver of premium payment provision.

■ But if it needed more, it could have asked for it. It did not and for the reason that it believed it was not liable unless the disability in fact spanned a minimum period of six months. It was in error in that belief as we held on the first appeal. But the point at the moment is that because of the error, it was indifferent to the subject of notice. We gather that it did not send the usual proof of loss forms which upon completion by the beneficiary would doubtless have disclosed the duration of the fatal illness. It took a firm position that it could not be liable under the policy. It can hardly now contend that it should have received more specific information which it did not in fact want, which, if received, it would have ignored, and the likely transmission of which it quite effectively blocked by its firm denial of liability.

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.